551 A.2d 1101

**Bernadette POTTER a/k/a Bernadette Brophy, Appellant,**

**v.**

**TEMPLE UNIVERSITY HOSPITAL, Charles R. Shuman, M.D., Willis P. Maier, M.D., Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 26, 1988.

Filed Dec. 22, 1988.

Richard Morelli, Norristown, for appellant.

Frederick J. Stellato, Philadelphia, for appellees.

Before KELLY, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of *non pros* entered by the Court of Common Pleas of Philadelphia County against the appellant, Bernadette Potter, a/k/a Bernadette Brophy. We reverse.

The facts of record indicate that suit was commenced in this action by summons in February of 1985. On the face of the praecipe seeking issuance of the summons, as well as

the summons itself, appeared the language: "Jury Trial Demanded". No action was taken to file a complaint until October 6, 1987. In the interim, the case was listed in the *Legal Intelligencer* as a non-jury case. However, when the case was called for trial on or about March 24, 1987, the appellant's counsel failed to appear and a judgment of *non pros* was entered on the court's own motion. *See* Pa.R. Civ.P. 218.

On April 7, 1987, the appellant's counsel filed a petition seeking to have the case reinstated on the civil trial list. Counsel averred therein that "his staff" had failed to notify him of the case's listing for trial, and this caused him, "inadvertently[,] ... [not] to respond to the Call of the List." (Paragraph 3) It was further asserted that the case was on the non-jury list because "a complaint had not been filed since the action had been commenced to toll the Statute of Limitations pending the discovery ... process". (Paragraph 7)

The petition was granted, and the court noted on the face of the order that the matter was to be "placed on the CIVIL TRIAL LIST". The petition was "uncontested", since the defendants (Temple University Hospital, Charles R. Shuman, M.D. and Willis P. Maier, M.D.) had no attorney enter an appearance on their behalf until September 18, 1987.

On October 9, 1987, a complaint was filed by the appellant. Thereafter, by order dated October 14, 1987, a judgment of *non pros* was entered for the appellant's counsel's failure to appear at the call of the list for assignment to trial. On October 20th, a petition to have the case reinstated on the civil trial list was submitted by counsel for the appellant. He alleged that the "slowly arriving mail to his law office as a result of a three (3) day holiday weekend that extended to Monday, October 12, 1987," precluded the timely receipt of the *Legal Intelligencer*, and this impaired his staff's cognizance of the fact that he was scheduled to appear for trial on October 14, 1987. (Paragraph 2) As a result, according to counsel for the appellant, he was "not

notified by his staff and inadvertently failed to respond to the Call Of The List". (Paragraph 3)

Moreover, counsel for the appellant claimed that counsel for the defendants had an obligation to inform him of the October 14, 1987, call of the trial list. (Paragraph 6) Lastly, counsel contended that the case was "mistakenly listed on the non-jury trial list" for October 14, 1987, as compared to the jury trial list called for by the "reinstatement" order of the court dated May 12, 1987.

Counsel for the defendants filed a response to the appellant's reinstatement petition. He averred, in relevant part, that the case was listed in the *Legal Intelligencer* on the non-jury trial list "on each of those business days between October 5, 1987 and October 14, 1987. Moreover, the listing in *The Legal Intelligencer*, while naming counsel for [the appellant] by name, did not note defense counsel's name despite the fact that an appearance had been entered on September 15, 1987. Therefore, his name having not appeared with this case on the non-jury trial list, counsel for answering defendants was not aware that this case was on the non-jury trial list." (Paragraph 2)

Also, defendants' counsel urged that: "If in fact this matter was mistakenly listed on October 14, 1987 on the non-jury trial list, this is a mistake which plaintiff's counsel was well aware of, as the case had appeared previously on the non-jury trial list and judgment for *non pros* had been entered once before for plaintiff's failure to appear at the call of the non-jury trial list." (Paragraph 7)

Even if the mail were slow prior to the October 12, 1987 Columbus Day, so as to affect the appellant's counsel's receipt of his copy of the *Legal Intelligencer*, counsel for the defendants points out that, because this case appeared on the non-jury trial list in the *Legal Intelligencer* on October 5, 6, 7, 8, 9, 13 and 14 of 1987, the appellant's counsel "should have reviewed five copies of *The Legal Intelligencer* listing this case on the non-jury trial list prior to October 12, 1987, Columbus Day." (*See* Memorandum of

Law in Support of Defendants' Response To Plaintiff's Petition To Reinstate On Trial List at page 6)

Judgment of *non pros* was entered by the court below. Even with an amended petition being filed by the appellant, in which the improper listing of the case in the "non-jury trial list" was repeated, the initial order was affirmed. With the reduction of the order to judgment, a timely appeal to this Court was perfected.

The two issues raised for our consideration, in essence, challenge the entry of the judgment of *non pros* as an "improvident" act by the court below.

In this jurisdiction, it is well-established that a petition to open a judgment of *non pros* is addressed to the court's equitable power, and the exercise of this power will not be disturbed absent an abuse of discretion. *Hutchison v. Hutchison*, 492 Pa. 118, 123, 422 A.2d 501, 503–04 (1980). However, before a court may open a judgment, the party seeking vacation must demonstrate that: (1) the petition to open was timely filed; (2) the default which occasioned the entry of judgment can be reasonably explained; and (3) the facts constituting grounds for a cause of action are alleged. *Corcoran v. Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759, 761 (1980).

As for whether counsel for the appellant has proffered a "reasonable" excuse for his failure to appear at the call of the trial list on October 14, 1987, counsel for the defendants directs us to *Toczylowski v. General Bindery Co.*, 359 Pa.Super. 572, 519 A.2d 500 (1986).

In *Toczylowski,* our Court reinstated a judgment of *non pros* vacated by the Common Pleas Court. We did so, *inter alia,* because of the plaintiff's (Casimir Toczylowski's) counsel's failure to appear at the Philadelphia call of the trial list.

The appellee's original complaint was filed in January of 1982 as a defamation action slated for a jury trial. The case lay dormant until the Court Administrator for Philadelphia mailed a letter (dated July 7, 1985) informing appellee's

counsel that it was "contemplated" that the case would "be assigned for trial on the individual judge program in the very near future." However, prior to the case being assigned to an individual judge, it was included under the "New Listings" heading as a "major jury" case. This listing appeared with regularity, between October 4 and October 16, 1985, in the *Legal Intelligencer*. Despite the listings of the case on the "major jury" list, appellee's counsel failed to appear at the call of the list on October 16th, and, on motion of counsel for the appellant, judgment of *non pros* was entered.

In the appellee's petition to vacate the entry of *non pros*, counsel included an affidavit indicating that, upon receipt of the Court Administrator's July 7, 1985 letter, he began "to monitor the individual judge calendars, as printed in the *Legal Intelligencer*, exclusively, and never saw the major jury listing[.]" *Id.*, 359 Pa.Superior Ct. at 576, 519 A.2d at 502. The petition was granted. On appeal, however, this Court vacated the order removing the judgment of *non pros* and reinstated it.

This Court, in vacating the lower court's order, stated its rationale, in pertinent part, as follows:

The *Legal Intelligencer* is the official periodical for publication of all notices to the Philadelphia Bar. It is incumbent upon a Philadelphia practitioner to be familiar with the *Intelligencer* and its contents, particularly those sections which govern the practice of litigation in the Philadelphia courts. * * * [C]ounsel [was not excused] from her duty to be knowledgeable concerning other portions of the *Intelligencer*.... As such, ... counsel [for the appellee] was not excused from her duty to monitor the master lists; it was her duty, as a diligent practitioner, to monitor the master major jury list and the individual judge calendars.

Her duty to have so performed is further buttressed by Philadelphia Local Rule of Court 200, which governs the assignment of cases for trial[.]

* * * * * *

... [R]ule [200] imposes upon a Philadelphia practitioner a need for watchfulness with respect to the civil trial listings in the *Intelligencer*, as opposed to the type of limited scrutiny which was applied by appellee's ... counsel.

In light of the foregoing, it is inconceivable to this Court that ... counsel's excuse for non-appearance, *i.e.*, the letter, can be deemed reasonable. A litigator is under an obligation to keep abreast of publications to the bar, such as the *Intelligencer*, as well as local rules of court. *Id.*, 359 Pa.Superior Ct. at 580, 519 A.2d at 504 (Citations omitted).

Counsel for the defendants argues that counsel for the appellant had a duty, as made reference to in *Toczylowski*, "to be knowledgeable concerning other portions of the *Intelligencer*"; to monitor all of the lists (be they jury or non-jury). Especially is this so, urges counsel for the defendants, given the erroneous listing of the case on the "non-jury" trial list for March 24 of 1987.

Moreover, counsel for the defendants continues, Philadelphia Local Rule of Court 200, reproduced in *Toczylowski*, imposes upon a Philadelphia practitioner a need to be cognizant of the civil trial listings in the *Intelligencer*.

Our review of the case law on this subject reveals that *Nivens v. Chestnut Hill Hospital*, 373 Pa.Super. 377, 541 A.2d 365 (1988), is controlling in the disposition to be made here.

In *Nivens*, a judgment of *non pros* was entered on the court's own motion pursuant to Rule 218, this was so despite the fact that neither party was present at the call of the list.

A motion to vacate the judgment of *non pros* was granted the plaintiffs. The lower court did so on the strength of Philadelphia Local Rule of Court No. 200, which is printed as a "Notice to the Bar" in the *Legal Intelligencer* since January 2, 1987, and provides, in relevant part, that a party appearing at the call of the trial list must have given notice

to the opposing party for the case to proceed in the absence of the opposing party.

Because the lower court found that the absence of the plaintiff's counsel at the call of the list had been reasonably excused by his failure to receive prior notice from the defendant's counsel, the motion seeking a vacation of the judgment of *non pros* was granted.

On appeal, this Court found it unnecessary to address the merits of the lower court's vacation of the judgment of *non pros* on the ground of non-compliance with Philadelphia Local Rule of Court No. 200. Also, we found *Toczylowski* to be distinguishable and not controlling the outcome of the case. We stated our rationale thusly:

> In *Toczylowski,* counsel for appellee had not appeared at the call of the list, due to her failure to monitor the major jury trial listings in the *Intelligencer.* Appellant's counsel had been present, however, and had requested the entry of non pros. *Toczylowski,* supra, 359 Pa.Superior Ct. at 576, 519 A.2d at p. 502.
>
> In the matter *sub judice,* by contrast, appellant's counsel did not request the non pros, but rather, due to his own failure to monitor the daily trial list, also missed the listing of this case, and failed to appear when the case was called for trial. Non pros was entered *upon the court's own motion,* and not as the result of diligent representation by appellant's counsel. Hence, we are confronted with a situation wherein appellant is insisting that *Toczylowski* be strictly enforced against its opponent, while ignoring the negligent non-compliance of its own counsel with that decision's requirements.
>
> A petition to vacate a judgment of non pros is addressed to a trial court's equitable powers; where the trial court has vacated non pros, an appellate court will not reverse unless a manifest abuse of discretion, or clear error of law, in its consideration of the three criteria for vacation, has occurred. See *Geyer v. Steinbronn,* 351 Pa.Super. 536, 506 A.2d 901 (1986); see also *Buxbaum v. Pequero,* 335 Pa.Super. 289, 484 A.2d 137, 139 (1984). Moreover, we may affirm the trial court if its decision

was correct on any ground. *Butler v. DeLuca,* 329 Pa.Super. 383, 478 A.2d 840, 843 (1984). We now hold, without relying upon the reason given by the trial court, i.e. the failure of appellant's counsel to follow the new Philadelphia notice policy, that, where a party acts promptly to vacate a non pros which has been entered on the court's own motion, due to the failure of both sides to appear, the trial court may, as an equitable matter, hold that the moving party's failure to strictly conform to the *Toczylowski* requirements for diligent representation, in the face of an innocent oversight, is reasonably excused where the opposing party has displayed a similar lack of due diligence by failing to monitor the list and appear at the same call. Where neither party is prepared to go forward, as here, neither should be permitted to profit from an innocent, albeit negligent, comedy of errors. It has been established law in this Commonwealth that an innocent oversight by counsel may justify the vacation of non pros. See *Buxbaum,* supra, 484 A.2d at p. 140. 373 Pa.Super. at 382, 541 A.2d at 367–68 (Emphasis in original; footnotes omitted).

■ Instantly, as in *Nivens,* counsel for both parties failed to appear at the call of the trial list on October 14, 1987. It is the position of counsel for the appellant that publication in the "non-jury" listings of the *Intelligencer,* as compared to the "jury" listings as called for by the lower court's "reinstatement" order, is a basis for excusing his failure to appear. On the other hand, counsel for the defendants contends that the absence of his name, as attorney for the defendants, in the case listing should excuse his non-appearance. As stated by *Nivens,* which we find applicable at bar, where both parties have displayed a lack of due diligence by failing to monitor the list and be present at the same call, "neither party is prepared to go forward, [and, thus,] ... neither should be permitted to profit from an innocent, albeit negligent, comedy of errors." 373 Pa. Super. at 382, 541 A.2d at 367.

■ Just as the attorney for the defendants contends that counsel for the appellant should have monitored the "non-

jury" trial listings, no less is counsel for the defendants relieved of his obligation to do the same and review the *Intelligencer*. Since the case caption *("Potter vs. Shuman")* and the appellant's attorney were listed under the "non-jury" heading, both attorneys were negligent in not detecting the placement of the case.[1]

As for the other two criteria having to be satisfied before a judgment of *non pros* may be opened, we find that the appellant filed timely her petition to reinstate the case (six days after *non pros* was entered on motion of the court below) and she has stated in her complaint (for medical malpractice) allegations of fact that facially present a cause of action.

Therefore, we find that the appellant has presented sufficient grounds to support the vacation of the judgment of *non pros*.

JUDGMENT REVERSED. Jurisdiction is relinquished.

1. The issue regarding the propriety of the "notice" requirement to opposing counsel on a case-listing, as called for by Philadelphia Local Rule of Court No. 200, has been briefed by both parties. Although from the discussion supra it is evident that the Rule 200 "notice" matter is not pivotal to a resolution of the case at bar, we find a discussion of the same would resolve any doubt harbored by the bench and bar of Philadelphia as to its continued vitality and legitimacy.

   To start, we would observe that the Judicial Code, at 42 Pa.C.S. § 323, affords every court the power to prescribe rules "as the interest of justice or the business of the court may require"; provided, of course, they are consistent with and shall not conflict with the Pennsylvania Rules of Civil Procedure. *See Byard F. Brogan v. Holmes Electric Protective Co.*, 501 Pa. 234, 460 A.2d 1093 (1983).

   Our review of the Civil Procedure Rules nowhere precludes the type of "notice" requirement insisted by Philadelphia Local Rule of Court No. 200 as a condition precedent to the grant of a judgment of *non pros* for not appearing at the call of the list. We believe this "notice" requirement to be laudatory in that it assures that the "dispute-resolution" process does not reduce itself to a mere procedural menagerie, that counsel's absence should not be without justification following "notification" from opposing counsel and, hopefully, appeals may be avoided and the case can be resolved without delay.

   Accordingly, the "notice" requirement of Rule 200 is facially and procedurally not at odds with any principle of law or the Pennsylvania Rules of Civil Procedure. *See Crookes v. Crookes*, 346 Pa.Super. 315, 499 A.2d 626 (1985).