564 A.2d 508

Patrick J. McGONIGLE and Marlene McGonigle, Appellants,

v.

William W. CURRENCE and Pamela Currence.

Superior Court of Pennsylvania.

Argued May 16, 1989.

Filed Sept. 28, 1989.

---

512

John P. Goodrich, Pittsburgh, for appellants.

Ray F. Middleman, Pittsburgh, for appellees.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

BROSKY, Judge.

Patrick J. McGonigle and Marlene McGonigle take the present appeal from an Order dismissing their *de novo* appeal from the award of arbitrators because the McGonigles and their counsel failed to appear at the arbitration hearing on the former's suit against William W. Currence and Pamela Currence, appellees herein.

On appeal, the McGonigles argue that the rules of civil procedure do not require a litigant to appear at an arbitration hearing as a condition of his right to file an appeal *de novo* from the award of arbitrators and that the trial court cannot, at its own discretion, dismiss an appeal for such

failure to appear.[1]  Because no legal authority exists for the trial court's dismissal of the McMonigles' *de novo* appeal, we reverse and remand for reinstatement of the said appeal.

Section 7361 of the Uniform Arbitration Act ("the Act"), 42 Pa.C.S.A. §§ 7301 *et seq.*, provides for compulsory arbitration and states in pertinent part:

(a) **General Rule.**—Except as provided in subsection (b), when prescribed by general rule or rule of court [sic] such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board [of arbitrators].

\*       \*       \*       \*       \*       \*

(d) **Appeal for trial de novo.**—Any party to a matter shall have the right to appeal for trial de novo in the court.  The party who takes the appeal shall pay such amount or proportion of fees and costs and shall comply with such other procedures as shall be prescribed by general rules.

The trial court in its Opinion rationalized that the non-appearance of the McGonigles and their counsel at the arbitration hearing waived the former's right to appeal the arbitration award because their failure to appear constituted an implied acquiescence in the award.  Appellees, the Currences, similarly argue that the requirement of Section 7361(a) of the Act that the matter be submitted to and heard by a board of arbitrators was not fulfilled here because the language contemplates a decision based upon the merits after hearing, rather than one rendered *ex parte* by default of non-appearance, as a prerequisite to appealing.  As further support for their position, the Currences point to Section 7361(d) of the Act, *supra*, which contains, *inter*

1.  The McGonigles also complain on appeal that the trial court erroneously disallowed them to amend their Complaint to include a claim under the Unfair Trade Practices and Consumer Protection Law pursuant to Pa.R.C.P. 1033.  However, the McGonigles have not included this proposed amended complaint as part of the certified record.  Therefore, this issue is not properly before us.  *See* Pa.R. App.P. 302(a).

*alia,* a provision that one who takes an appeal from the arbitrators' award "shall comply with such other procedures as shall be prescribed by general rules." They interpret the "such other procedures" language as requiring submission to and hearing by the Board followed by a decision rendered on the merits as a condition precedent to the taking of an appeal. Since the McGonigles failed to appear, the matter could not be submitted to, heard and then decided on the merits by the arbitrators, thus obviating their right to perfect a *de novo* appeal. The Currences further contend that Pa.R.C.P. 1303(b) does not discuss the issue at hand, i.e., whether the McGonigles may appeal the arbitrators' award despite their non-appearance at the hearing, but only empowers the Board to enter an award when a party fails to appear at the hearing.

For their respective yet related positions, both the trial court and the Currences cite *Hall v. Reeb,* 136 P.L.J. 299 (1988) (*Hall I*). In *Hall I,* the plaintiffs deliberately failed to appear at an arbitration hearing after their case had been transferred from the general trial docket to the arbitration docket pursuant to local rule of the Allegheny County Court of Common Pleas for compulsory arbitration. Plaintiffs had opposed the transfer to the arbitration docket and had offered no excuse for their non-appearance before the Board of Arbitrators. The trial court thereupon quashed the appeal taken from the arbitrators' award. In their motion to reconsider the Order quashing their appeal, the plaintiffs admitted that they had deliberately circumvented the compulsory arbitration process in order to obtain a jury trial and that the use of such tactic was widespread in Allegheny County.

The predicate for the *Hall I* court's decision to quash the appeal from the award of the arbitrators was "[t]he act of *deliberate refusal* to first submit [this] case to a Board of Arbitrators before submitting it to a judge and/or jury...." At 301 (emphasis added). Because the plaintiffs' conduct was deliberate and admittedly designed to frustrate the compulsory arbitration process, the Court

treated the provision of Section 7361(a) of the Act requiring that the matter first be submitted to and heard by a board of arbitrators as a condition precedent to taking an appeal from that determination. "The conscious disregard of a legislative doctrine to 'first submit' the case to a Board of Arbitrators should equally constitute a waiver of a subsequent judge or jury trial." *Id.*

The McGonigles distinguish the application of *Hall I* to their case. In their Motion for reconsideration, they offer as an excuse for their non-attendance at the arbitration hearing a clerical omission by personnel in the office of their counsel in failing to note the appointed time of the arbitration hearing. The McGonigles also claim that they offered to pay the costs and expenses of the Currences' counsel in attending the arbitration hearing but that the reimbursement was refused. While the Currences do not expressly disclaim these allegations, they do not contest them, either. Therefore, we believe that the McGonigles are correct in asserting that *Hall I* has no application insofar as that their failure to appear did not constitute a deliberate act designed to circumvent the compulsory arbitration process as contemplated by the Act and the Rules of Civil Procedure implementing it. However, we do not rest our decision upon this basis, for the McGonigles' reason for their non-appearance at the arbitration hearing, or whether, in fact, they even had one, is irrelevant to the ultimate disposition of this case.

The expeditious disposition of pending litigation is the overall objective of compulsory arbitration. It appears that a litigant's non-appearance at the arbitration proceeding poses an obvious dilemma for a trial court vested with the responsibility of achieving that objective. When a litigant fails to appear for whatever reason, the goal of the arbitration process is defeated. Here, in reliance on *Hall I, supra,* the trial court attempted to resolve the dilemma by quashing the appeal from the arbitrators' determination on the basis that the McGonigles' non-appearance waived that right.

516

Recently, a panel of this Court reversed the Order quashing the appeal in *Hall I, supra. See* 382 Pa.Super. 452, 555 A.2d 926 (1989) (*Hall II*). The panel reasoned that since the Halls had complied with all necessary steps in perfecting their appeal pursuant to Pa.R.C.P. 1308, the trial court erred in quashing the *de novo* appeal. Upon review of the instant record, and in the absence of any argument to the contrary, we find a similar compliance by the McGonigles. Therefore, the trial court erred when it quashed the McGonigles' properly perfected appeal for a trial *de novo* from the award of the board of arbitrators.

This holding also defeats the argument of the Currences that the Pa.R.C.P. 1303(b) has no application to the facts at bar and that the McGonigles were incorrect in relying upon the explanatory note following the Rule. This court specifically relied upon Pa.R.C.P. 1303(b) and the accompanying note in reaching its determination that the Halls had the right to appeal the decision of the arbitrators despite their non-appearance at the arbitration hearing. Pennsylvania Rule of Civil Procedure 1303(b) provides in pertinent part, "[I]f one party is ready and the other is not [sic] the case shall proceed [sic] and the arbitrators shall make an award...." The note following the text of the Rule explains that "[t]he remedy for dissatisfaction with the award is to appeal." *See Hall II, supra.* Neither the Rule, itself, nor its accompanying note condition a party's right to appeal the award upon his appearance at the arbitration hearing. While an explanatory comment to a Rule is not binding, it may be utilized as an aid in interpreting the meaning of the Rule. *Macioce v. Glinatsis,* 361 Pa.Super. 222, 522 A.2d 94 (1987). Especially is this so where, as here, the explanation given in the note is consistent with the language of the Rule, itself.

We are mindful that at the time of the entry of the Order quashing the *de novo* appeal, the trial court and the parties were without the benefit of our decision in *Hall II,*

*supra*.[2]  However, even absent such guidance, a fair reading of the statute and the Rules of Procedure governing the compulsory arbitration process compels the same result.

Looking first at the applicable statute, we see that Section 7361(d), *supra*, sets forth in clear and unambiguous terms that "[a]ny party to a matter shall have the right to appeal for a trial de novo in the court...." Nothing in this section conditions a party's right to appeal the arbitration award upon his presence at the hearing. *See also Weber v. Lynch*, 473 Pa. 599, 375 A.2d 1278 (1977) (almost identical language in Compulsory Arbitration Act of 1836 construed as not denying a party who has not appeared at arbitration hearing the right to appeal that determination) and *Sipe v. Pennsylvania R.R. Co.*, 219 Pa. 210, 68 A. 705 (1908) (same). Subsection (a) provides that a matter subject to compulsory arbitration "shall first be submitted to and heard by a board of [arbitrators]." The Currences argue, in effect, that the language just quoted implies the requirement of presence of the parties in order for the matter to be submitted to and heard by the arbitrators. Therefore, since the McGonigles did not appear, the matter was not submitted to and, consequently, was not heard by the board.

As noted earlier, Pennsylvania Rule of Civil Procedure 1303(b) addresses this problem. *See* discussion of Rule at 6-7. The note following this Rule explains that if a plaintiff fails to appear at the hearing, the arbitrators shall enter an award. This is precisely what occurred here. The McGonigles did not appear at the hearing, and, pursuant to Pa.R.C.P. 1303(b), the arbitrators entered an "Award for Defendants, Plaintiff [sic] not appearing." Record, Award of Arbitrators.

Consistent with our holding in *Hall II*, *supra*, the law, in its present posture, does not carve out an exception barring

---

**2.** However, *Hall II* was filed two months before oral argument on this matter and was available through the Office of the Prothonotary of this court. The decision also appeared in the "advance sheets" of the *Atlantic Reporter*, Second Series, (including the *Pennsylvania Reporter* edition of that series) prior to May 16, 1989, the date on which the matter *sub judice* was argued before this court. *See* 555 A.2d No. 2 (Pamphlet No. 20), May 5, 1989, at 926.

a party from exercising his right to *de novo* review despite his non-appearance at the arbitration hearing so long as the appealing party complies with all the necessary steps in perfecting the appeal. Irrespective of the reason therefor, a party's non-appearance, under the current state of the law, does not imply acquiescence in or waive his right to perfect an appeal *de novo* from the award of arbitrators. Instantly, the McGonigles have manifested such compliance, and their non-appearance at the arbitration hearing, for whatever reason, did not imply their acquiescence in or waive their right to perfect a *de novo* appeal from the arbitrators' award. Consequently, it was error for the trial court to quash their appeal.

Reversed and remanded for reinstatement of the appeal *de novo*. Jurisdiction relinquished.

MONTGOMERY, J., concurs in the result.