## Regrut v. Sheraton Inn-Shenango

*Gerald W. Egan,* for plaintiffs.
*Richard L. McMillan,* for defendants.

ACKER, *P.J.,* August 1, 1990—We have for consideration exceptions taken by defendants to our order of November 27, 1989, granting plaintiffs' petition of application of reinstatement.

### PROCEDURAL HISTORY

This action began with plaintiffs' complaint filed on October 3, 1985. Counsel of record were Virginia L. Desiderio, Esq.; and S. Joseph Brydon, Esq.

Over the next year and a half the case proceeded routinely. On March 11, 1987, plaintiffs filed an answer to new matter. From that date until October 6, 1989, no filings of record were made by either party. On October 6, 1989, the prothonotary filed a notice of termination in this case. A copy was not sent to Attorney Egan until November 1, 1989.

On October 30, 1989, plaintiffs' counsel, S. Joseph Brydon, filed with the Prothonotary's Office of Mercer County notice of service of interrogatories. The following day, October 31, 1989, plaintiffs' attorney, Mr. Brydon, received a telephone call from the Prothonotary's Office of Mercer County. He was informed that the interrogatories he attempted to file could not be accepted in that the action had been terminated as of October 1989, subsequent to notice sent to original counsel.*

Based on the above facts, S. Joseph Brydon, counsel for plaintiffs, filed a petition of application for reinstatement of the case on November 22, 1989. By order of court of November 27, 1989, the dismissal of the above action was stricken, and said action was reinstated. Approximately four months thereafter, under correspondence dated March 29, 1990, defendants filed a petition in opposition to plaintiffs' application for reinstatement. By order of court dated April 17, 1990, defendants' petition in opposition to plaintiffs' application for reinstatement and reconsideration of this court's order of November 27, 1989, was denied as untimely.

On May 31, 1990, oral argument was held in regard to issues surrounding a request by defendants for leave to join an additional defendant. Prior to that argument, discussion was held on the record

* The date of the order signed by Mary E. Griffin, the prothonotary of Mercer County, terminating this case was October 6, 1989.

concerning the reinstatement of the case. Subsequent to this discussion, the court allowed defendants leave to furnish the court with their position in regard to the reinstatement of this matter. Oral argument in regard to the issue of reinstatement was heard by the court on July 16, 1990, and this opinion follows.

## DISCUSSION

This case was originally terminated on October 6, 1989, pursuant to Mercer County Local Rule of Court L320.

### *"Mercer County Rule L320"*

### *"TERMINATION OF INACTIVE CASES"*

"During the month of July of each year, the prothonotary shall determine in which matters not concluded there has been no activity during the previous two years. The prothonotary shall then give notice in each such matter as provided by Pa.R.J.A. 1901(c). If no action is taken, or no written objection stating good cause is filed in such matter within 30 days, the prothonotary shall enter an order terminating the matter. If written objection is filed in such matter within 30 days, the prothonotary shall list the matter for the next available Argument List without further praecipe and give notice to all parties. Failure of the objector to appear and to show good cause may result in the dismissal of the action.

"Where publication is required, such publication shall be twice printed in the Mercer County Law Journal.

"This rule is an implementation of Pennsylvania Rule of Judicial Administration 1901(b). Therefore, its designation Rule L320 does not refer to any Pennsylvania Rule of Civil Procedure." Local Rule of the Mercer County Court of Common Pleas, L320.

As stated in Rule L320, local rules pertaining to termination of inactive cases must adhere to the Pennsylvania Rules of Judicial Administration 1901.

"Pennsylvania Rule of Judicial Administration 1901(a) authorizes disposition of inactive cases. The general policy espoused in subsection (a) is 'to bring each pending matter to a final conclusion as promptly as possible consistent with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.' " *Metz Contracting v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 520 A.2d 891 (1987).

Pennsylvania Rule of Judicial Administration 1901 also includes a mechanism to protect parties' due process rights before any entry of an order terminating a case due to inactivity. Pa.R.J.A. 1901(c) mandates minimum standards of at least 30 days' written notice for opportunity to be heard on the proposed termination in person or by mail to the affected parties or their counsel. Rule 1901(c) also provides for reinstatement upon good cause shown where the action has already been terminated after notice by publication. *Metz Contracting v. Riverwood Builders Inc., supra.*

Prior to addressing the issue of reinstatement of this case, we inquire as to whether defendants filed a timely objection to the court's order dated November 17, 1989, reinstating the case.

The facts are undisputed that defendants did not challenge plaintiffs' petition seeking reinstatement prior to the issuance of this court's order of November 27, 1989, reinstating the case. Subsequent to the issuance of that order, defendants allowed 120 days to pass prior to seeking reconsideration of the order.

Defendants waited approximately 120 days before objecting to the reinstatement of this action by the court. They could have pursued the propriety of this court's reinstatement at the appellate level by requesting permission to appeal 42 Pa.C.S. §702. Failing to object to the reinstatement in a timely fashion or to appeal, any right to reconsideration of our order to reinstate this action has been waived.

Assuming, arguendo, that defendants had timely objected to this court's reinstatement of the case, we conclude defendants cannot prevail.

"When an action is dismissed, with prejudice, for failure to prosecute a claim, it is contemplated that that action is terminated unless the plaintiff takes positive steps to reinstate the cause of action within the applicable period of the statute of limitations." *Robinson v. Trenton Dressed Poultry Co.,* 344 Pa. Super. 545, 496 A.2d 1240 (1985).

Here plaintiffs reacted without delay (within the 20 days allowed) to this court's termination and moved to have the case reinstated. As was stated earlier, plaintiffs' immediate attempts to reinstatement went unopposed by defendants.

It is well-established that a petition to open a judgment of non pros and reinstate a case is addressed to the equitable powers of the court and will not be disturbed absent an abuse of discretion. *Potter v. Temple University Hospital,* 380 Pa. Super. 376, 551 A.2d 1101 (1988); *Hutchinson v. Hutchinson,* 492 Pa. 118, 422 A.2d 501 (1980). The appellate courts "standard of review on appeal from

an order granting a petition to reactivate is limited to ascertaining whether the trial court committed an abuse of discretion. Absent an error of law or a manifest abuse of discretion, such an order will be affirmed on appeal." *Martin v. Grandview Hospital,* 373 Pa. Super. 369, 541 A.2d 361 (1988); *Moore v. George Heebner Inc.,* 321 Pa. Super. 226, 467 A.2d 1336 (1983).

"[A] petition to reactivate a case terminated for inactivity of record may be granted only upon good cause shown, regardless of whether the local rule expressly requires a showing of good cause." *Martin v. Grandview Hospital, supra.* "The requirements for a showing of 'good cause' are identical to those for the opening of a judgment of non pros: '(1) the petition must be timely filed; (2) the reasons for default reasonably explained; and, (3) the facts constituting grounds for the cause of action be alleged.' " *Corcoran v. Fiorentino,* 277 Pa. Super. 256, 419 A.2d 759 (1980); *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.,* 250 Pa. Super. 378, 378 A.2d 986 (1977), quoting *Boyles v. Sullivan,* 230 Pa. Super. 453, 326 A.2d 440 (1974).

We conclude that plaintiffs have shown good cause for reinstating the action. Initially, plaintiffs' petition for reinstatement was filed only 17 days after they received actual notice of termination. The petition was thus timely filed. Plaintiffs also provided the court with sufficient reasons, and the facts to support such reasons, to justify reinstatement.

The facts, which defendants offered no evidence to dispute, reveal that plaintiffs never actually received notice of termination until the case had already been terminated. This allegedly occurred due to the fact that notice of termination had been mailed by the Mercer County Prothonotary's Office

to a Virginia Desiderio, Esq. Mrs. Desiderio stated in a sworn affidavit that she drafted the original complaint in this matter and then had no other involvement in the case. In addition, the address of Ms. Desiderio where the prothonotary mailed the notice was no longer occupied by Attorney Desiderio. Ms. Desiderio never received the termination notice and, therefore, had no opportunity to contact Attorney Brydon about it. The notice of termination should have been mailed to plaintiffs' attorney of record, S. Joseph Brydon, at his Slippery Rock office.

In conclusion, this court believes that plaintiffs' actual counsel initially did not receive notice of termination. This is readily apparent by the fact that plaintiffs' counsel, S. Joseph Brydon, promptly petitioned the court for reinstatement once he had actually received notice. It would be unfair and unconscionable to deny plaintiffs their opportunity to present their case to a jury.

Hence, this

## ORDER

And now, on this August 1, 1990, it is hereby ordered and decreed that the exceptions of defendants to the order granting plaintiffs' petition for reinstatement are dismissed.