645 A.2d 859

**Morton B. DEBROFF, A Professional Corporation, Appellant,**

**v.**

**Alice CORRETTI and Pierre J. Corretti, her husband.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1994.

Filed July 27, 1994.

Mark Clement, Pittsburgh, for appellant.

Michael K. Parrish, Pittsburgh, for appellees.

Before ROWLEY, President Judge, and BECK and JOHNSON, JJ.

ROWLEY, President Judge:

Morton B. Debroff, Esquire, (hereinafter "appellant"), a *pro se* plaintiff in the trial court, appeals from an order dismissing his complaint against Alice and Pierre Corretti (hereinafter "appellees") with prejudice [1], following the failure of all parties and their counsel to appear for the call of the list and trial of this matter before a Board of Judicial Arbitration. Appellant contends on appeal that the trial court erred by entering the subject order because he proffered a reasonable explanation for his failure to appear at the arbitration hearing.

The record discloses the following procedural history of this case. On October 29, 1992, appellant filed the instant action to recover legal fees for services rendered by appellant to appellee wife, Alice Corretti. When appellant's complaint was filed, a hearing was scheduled for 9:00 a.m. on February 8, 1993, before a Board of Judicial Arbitration. The date and time of the hearing, together with its location, were stamped on the front of appellant's complaint.

On December 28, 1992, appellees filed preliminary objections to Counts I through IV of appellant's complaint, which were sustained by Judge Wettick on January 29, 1993; those counts of the complaint were dismissed as to appellee husband, Pierre J. Corretti, because he was not a party to the contractual relation between appellee wife and appellant. On February 1, 1993, an answer, containing new matter and a counterclaim was filed by appellees.

One week later, on February 8, 1993, the date scheduled for trial before a Board of Judicial Arbitration, neither party appeared at the call of the list [2]. Consequently, Judge McGowan of the Allegheny County Court of Common Pleas entered the following order:

1. Appellee's counterclaim was also dismissed with prejudice by the trial court.

2. It is crucial to note that this is not a case where one party appeared at the arbitration hearing, ready to proceed, while the other party was absent; in this case, *neither* party appeared at the hearing. Such a situation is not addressed by Rules 1303 and 1304 of the Pennsylvania Rules of Civil Procedure, and thus, we must look to Rule 218 for guidance in deciding this appeal.

"And now, [February] 8, 1993, on trial list, case twice called and neither party answering the call, this case is now, therefore, dismissed *with prejudice*."

(Emphasis added).

Thereafter, on March 5, 1993, appellant filed a "Motion for Reconsideration" as well as preliminary objections to appellees' counterclaim. In his "Motion for Reconsideration," appellant requested that the judicial arbitration be re-scheduled and gave his reason for failing to appear at the call of the list as follows:

"[Appellant] did not appear for the February 8, 1993 hearing because he believed that the hearing date would be automatically continued by the [trial] court, since the pleadings were not yet closed."

On that same day, March 5, 1993, appellant's "Motion for Reconsideration" was denied by Judge McGowan and appellant filed the instant appeal[3]. Appellant's preliminary objections to the counter-claim were never addressed by the trial court. This appeal presents two distinct questions for our consideration, which are: (1) whether the trial court's order dismissing this case is appealable to this Court; and (2) whether the trial court erred in denying appellant's "Motion for Reconsideration?"

I.

Initially, both the trial court and appellees contend that we should quash this appeal because appellant's proper remedy was to file an appeal for a trial *de novo* in the Allegheny County Court of Common Pleas, pursuant to 42 Pa.C.S.A. § 7361(d). However, appellant insists that his appeal is properly before us because the Superior Court has "exclusive appellate jurisdiction" over all "final" orders of the courts of common pleas pursuant to 42 Pa.C.S.A. § 742. We agree with appellant that this appeal is properly before us.

█ Section 742 of 42 Pa.C.S.A. provides that:

**3.** The March 5, 1993 order denying appellant's "Motion for Reconsideration" was not actually filed until March 9, 1993.

The Superior Court shall have *exclusive* appellate juris-
diction of *all appeals* from *final orders of the courts of
common pleas,* regardless of the nature of the controversy
or the amount involved, except such classes of appeals as
are by any provision of this chapter within the exclusive
jurisdiction of the Supreme Court or the Commonwealth
Court.

42 Pa.C.S.A. § 742. (emphasis added). In this case, Judge
McGowan, a judge of the court of common pleas, entered a
final order dismissing this case, which included both appel-
lant's complaint and appellees' counterclaim, *with prejudice.*
Thus, pursuant to § 742, we conclude that this Court has
exclusive jurisdiction to hear and decide the merits of this
appeal.

In so concluding, we disagree with appellees contention that
appellant did not properly preserve his right to appeal under
42 Pa.C.S.A. § 7361(d). As noted by appellees, this statute
begins by stating that:

"Any party to a matter shall have the right to appeal for
trial *de novo* in the court. The party who takes the appeal
shall pay such amount or proportion of fees and costs and
shall comply with such other procedures as shall be pre-
scribed by general rules."

42 Pa.C.A. § 7361(d). Significantly, however, appellees have
failed to observe that § 7361(d) also provides that:

"In the absence of appeal the judgment entered on the
*award of the arbitrators* shall be enforced as any other
judgment of the court. For purposes of this section and
section 5571 (relating to appeals generally) an *award of
arbitrators* constitutes an order of a tribunal."

42 Pa.C.S.A. § 7361(d). (emphasis added).

■ We conclude that appellees' reliance on § 7361(d) is
misplaced because, as evidenced by the highlighted language
above, this statutory provision clearly assumes that any appeal
to the Court of Common Pleas for a trial *de novo* would be
from an "award of the arbitrators." In the instant case, there
was no award entered by the arbitrators; rather, an order was

entered by a judge of the court of common pleas putting appellant *completely out of court,* not just out of the arbitration division. Thus, in reliance upon 42 Pa.C.S.A. § 742, we decide that appellant chose the appropriate means by which to perfect an appeal from the order dismissing this case with prejudice [4].

## II.

Before reaching the merits of this appeal, however, we must point out that the trial court's order of February 8, 1993 was, in effect, a judgment of non pros, entered pursuant to Rule 218 of the Pennsylvania Rules of Civil Procedure, which provides as follows:

"Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant *or a non pros on the court's own motion.*"

Pa.R.C.P. 218(a), 42 Pa.C.S.A. (emphasis added). Thus, before appellant could seek our review of the trial court's

---

**4.** For the reasons just discussed, we reject the reasoning of *Hunkle and Chen Chet Haeg v. DiPasquale,* 141 P.L.J. 457 (1993), a trial court opinion issued by the Allegheny County Court of Common Pleas and cited by appellees. We simply do not believe that "the next procedural step" for a litigant in appellant's position is to take an appeal to the Court of Common Pleas, when that tribunal has already entered a final order of non pros. However, our conclusion on this issue is in no way intended to mean that the trial court could not enact a *local rule* allowing a plaintiff, whose arbitration case has been non-prossed, to appeal directly to the Court of Common Pleas.

We should also note that two cases decided by this Court, *Hall v. Reeb,* 382 Pa.Super. 452, 555 A.2d 926 (1989) and *McGonigle v. Currence,* 387 Pa.Super. 511, 564 A.2d 508 (1989), have held that "the law, in its present posture, does not carve out an exception barring a party from exercising his right to *de novo* review despite his non-appearance at [an] arbitration hearing so long as the appealing party complies with all the necessary steps in perfecting the appeal." *Id.* at 517–518, 564 A.2d at 511. Although appellees contend that these cases support their position regarding the proper avenue of appeal in this case, we do not agree. In both cases, only *one* party failed to appear and an award was entered *by the board of arbitrators.* By contrast, in the. instant case, as discussed above, there was no award by the arbitrators. *Hall* and *McGonigle* are therefore inapposite to the instant appeal.

February 8, 1993 order, he was required, pursuant to Rule 3051 of the Pennsylvania Rules of Civil Procedure, to file a petition to open the judgment of non pros, alleging sufficient facts to establish that the petition was filed in a timely manner, that there was a reasonable explanation or legitimate excuse for the delay, and that the underlying cause of action is meritorious. Pa.R.C.P. 3051, 42 Pa.C.S.A.[5]

Although appellant did not file the proper petition in accordance with Rule 3051, we note that he did timely file a "Motion for Reconsideration," which was, in effect, intended to serve the same function. In spite of the fact that this Court has recently quashed an appeal due to the failure of an appellant to file a proper petition with the trial court in *Xu Xu v. Montefiore Hospital*, 422 Pa.Super. 114, 618 A.2d 1043 (1993), we will treat appellant's "Motion for Reconsideration" as being a "Petition to Open the Judgment of Non Pros" because the instant appellant, unlike the *Xu Xu* appellant, made a good faith attempt to follow the proper procedure. *See Valley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Super. 400, 581 A.2d 193 (1990) (Rowley, P.J., dissenting).

In examining appellant's "petition," we note that it contains an explanation for his failure to appear at the call of the list, but it does not allege any facts showing that his underlying cause of action is meritorious [6]. The "petition" was not answered by appellees, and was denied by the trial court,

5. This rule is in accordance with our standard of review, which has been stated as follows:
   "A petition to open a judgment of non pros is addressed to the court's equitable power, and the exercise of those powers will not be disturbed absent an abuse of discretion. [citation omitted]. However, before a court may open a judgment, the party seeking vacation must demonstrate that: (1) the petition to open was timely filed; (2) the default which occasioned the entry of judgment can be reasonably explained; and (3) the facts constituting grounds for a cause of action are alleged."
   *Toczylowski v. General Bindery Co.*, 359 Pa.Super. 572, 577, 519 A.2d 500, 503 (1986).

6. For this reason alone, the trial court could have, had it so desired, denied appellant's "petition" to open the non-pros.

without an evidentiary hearing or the preparation of factual findings, because the trial court concluded that appellant's excuse for his failure to appear was unreasonable.

■ Appellant now argues that the trial court erred in so concluding because he had a reasonable explanation for his failure to appear and therefore, this case should not have been dismissed pursuant to Rule 218. Specifically, appellant avers that he did not appear for trial on the scheduled date of February 8, 1993 because the pleadings in the case were not yet closed, and he therefore assumed that the case would be automatically continued by the court without any action whatsoever on his part.

We fail to see how appellant could reasonably believe that a case would automatically be continued by the Allegheny County Court of Common Pleas because just such a policy has been *expressly disapproved* by a Memorandum appearing in the Pittsburgh Legal Journal on October 22, 1990, wherein it was stated by the then Calendar Control Judge for the Arbitration Division, Judge R. Stanton Wettick, Jr., that:

"Cases *will not be automatically continued* by [the Director of Arbitration] because of any pending preliminary objections, petitions or motions. However, if preliminary objections, petitions, or motions are pending, [the Director of Arbitration's] office is authorized to continue the case to a specific date if all counsel consent to the continuance. Otherwise, the matter may be continued because of the pending preliminary objections, petition, or motion only upon order of court."

(Appellant's Motion for Reconsideration, Exhibit A). (emphasis added). As this Court stated in *Ttmar, Inc. v. Sulka,* 402 Pa.Super. 319, 586 A.2d 1372 (1991), *appeal denied,* 530 Pa. 656, 608 A.2d 31 (1991):

"Counsel attacks the very process which every responsible member of the Bar practicing in Allegheny County is bound to follow. The Pittsburgh Legal Journal is the official court

publication of Allegheny County as authorized by the local rules of court. [Appellant], choosing to practice in the [Allegheny County] forum, was duty bound to identify [and obey] this rule ..."

*Id.* at 321–322, 586 A.2d at 1373.

■ Clearly, then, an attorney in Allegheny County who wishes to have his case continued on the basis of outstanding preliminary objections, motions or petitions has a positive duty to notify the court and opposing counsel that a continuance is necessary. If opposing counsel agrees, the case will be continued to a specific date, which is set by the Director of Arbitration's office; if opposing counsel does not agree, the matter may only be continued by an order of court. In either case, court participation is absolutely necessary for a continuance to occur. Appellant willfully failed to comply with this procedure, and thus, we cannot find his excuse for missing the call of the list and trial reasonable. Appellant simply had no right to assume that he could just ignore, for whatever reason, an order of court setting a specific date and time for an arbitration hearing.

We wholeheartedly agree with, and adopt as our own, the trial court's sentiments on this issue, which were expressed as follows:

"How [appellant] came upon th[e] assumption that the case would be automatically continued by the Court if pleadings were not closed is left to our surmise. [Appellant] would have the [trial] court review the interstices of all the files [of all the cases pending before boards of arbitration] to make sure that the pleadings were closed *sua sponte* rather than trouble [him]self to notify the court in advance of hearing that the pleadings were not closed and the case therefore should be continued.

*This Court must refuse to accept the additional workload [appellant] would gratuitously force upon [the trial court];* [appellant] is responsible for either (1) obtaining a continu-

ance when pleadings are not closed; or (2) appear[ing] and try[ing] the case as per scheduling and per the advertisement in the Pittsburgh Legal Journal."

(Trial Court Opinion, 9/15/93, p. 1-2). (emphasis added).

Because we have decided that appellant does not have a 'satisfactory excuse' pursuant to Pa.R.C.P. 3051 and 218 for his failure to appear at the call of the list and trial, we also conclude, pursuant to those rules, that the trial court did not err in entering, and refusing to open, the judgment of non pros entered on February 8, 1993 [7].

Order affirmed.

7. We note that there are two Superior Court cases originating in Philadelphia County, *Nivens v. Chestnut Hill Hospital*, 373 Pa.Super. 377, 541 A.2d 365 (1988) and *Potter v. Temple University Hospital*, 380 Pa.Super. 376, 551 A.2d 1101 (1988), in which this Court held that "where both parties have displayed a lack of due diligence by failing to monitor the list and be present at the same call, 'neither party is prepared to go forward, [and, thus,] ... neither should be permitted to profit from an innocent, albeit negligent, comedy of errors.'" *Id.* at 386, 551 A.2d at 1105, *quoting Nivens*, 373 Pa.Super. at 382, 541 A.2d at 367.

However, both *Potter* and *Nivens* are distinguishable from the instant case, because in those cases, the appellants did not receive notice of the trial date, whereas in this case, appellant was well aware of the trial date but purposely failed to appear at the call of the list because the pleadings were not closed and he assumed that the case would therefore be continued. This was not an innocent, or even negligent, mistake, but a conscious choice on the part of appellant.

It should be noted that in researching this case, we have reviewed some of the reasons previously given by others seeking to open a judgment of non pros, and we note that no where have we found one as unreasonable as the one given in the case *sub judice*. In *Walt Medical v. Electro-Nucleonics*, 400 Pa.Super. 274, 583 A.2d 492 (1990), this Court found that because the Pittsburgh Legal Journal and a court employee both mistakenly gave erroneous information to a litigant as to the place of trial, a judgment of non pros was improper and in *Williams v. Gallagher*, 396 Pa.Super. 584, 579 A.2d 403 (1990), this Court held that the entry of a non pros judgment against a *pro se* plaintiff, who was *not* a lawyer, for his failure to appear at the call of the list was an abuse of discretion where the plaintiff was unaware of the date of trial due to his incarceration, and consequent lack of access to Philadelphia's Legal Intelligencer. However, in both *Walt* and *Williams*, unlike the instant case, the failure to appear was the result of mistake, not a willful disregard of the judicial process. We decide that the trial court acted

well within its discretion in entering, and refusing to open, the instant judgment of non pros.