J-S35031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NOEL BROWN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KML LAW GROUP, P.C. AND | : | |
| VICTORIA CHEN, | : | |
| | : | |
| Appellees | : | No.  3570 EDA 2018 |

Appeal from the Order Entered October 3, 2018
in the Court of Common Pleas of Monroe County
Civil Division at No(s): 9073 CV 2016

BEFORE:  OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 24, 2019**

Noel Brown (Appellant) appeals *pro se* from the October 3, 2018 order dismissing his complaint with prejudice and denying his request to reconsider the denial of his request to reinstate his complaint.  Upon review, we affirm.

We provide the following factual and procedural history.  On December 5, 2016, Appellant filed a *pro se* complaint against KML Law Group, P.C. and Victoria Chen (collectively, KML), claiming fraud in connection with a mortgage foreclosure of and subsequent ejection from property located in

_____

* Retired Senior Judge assigned to the Superior Court.

Monroe County, Pennsylvania.[1]  Neither the complaint nor Appellant's praecipe for entry of appearance[2] contained a certificate of service or indicated that Appellant had effectuated service upon KML.  Nonetheless, KML filed preliminary objections on January 25, 2017.  The trial court ordered Appellant to file a brief, and Appellant complied on February 3, 2017.[3]  About one month later, on March 8, 2017, Appellant filed a change of address with the court.[4]  That same date, the trial court sustained KML's preliminary objections and granted Appellant 20 days to file an amended complaint and effectuate proper service.  Appellant never filed an amended complaint.  He filed a second change of address with the court,[5] along with a purported expert report, on November 27, 2017.

---

[1] Both the action in mortgage foreclosure and the ejection action were handled by KML.  Preliminary Objections, 1/25/2017, at ¶ 9.

[2] Appellant's praecipe for entry of appearance, filed December 5, 2016, indicates his address for service as the Wayne County Correctional Facility.

[3] Appellant's brief did not contain a certificate of service, but we note that it indicated that "By Copy of this Letter Im serving same on Defendants counsel." Rebuttal Brief, 2/3/2017, at cover page (verbatim).

[4] Appellant listed "Graterford Facility, Box 244, Graterford, PA 19426" as his address (Graterford Address).  Praecipe for Entry of Change of Address, 3/8/2017.

[5] Appellant listed "125 White Street, New York, NY 10013" as his address (White Street Address).  Praecipe for Entry of Change of Address, 11/27/2017.  We note that the trial court incorrectly states in its opinion that Appellant's last updated address filed with the court was the Graterford Address.  *See* Rule 1925(a) Opinion, 1/18/2019, at 6.

Nearly one year later, on February 2, 2018, KML filed a motion to dismiss action for *non pros* based on Appellant's failure to file an amended complaint as directed by the trial court. On February 9, 2018, the court issued a rule to show cause upon Appellant as to why KML's motion should not be granted and directed Appellant to respond by March 5, 2018. The trial court issued an amended order on March 12, 2018, which extended Appellant's deadline to respond to April 6, 2018.

Rather than responding to the court's order, on April 9, 2018, Appellant instead filed a motion for appointment of counsel,[6] which the trial court promptly denied. Shortly thereafter, KML requested argument on its motion to dismiss for *non pros*, which the trial court denied on April 20, 2018.

On April 30, 2018, the trial court issued a scheduling order for the June 2018 trial term and set a pretrial conference date of May 22, 2018.[7] KML responded by filing a motion to make the rule absolute, based on Appellant's failure to respond to the trial court's March 12, 2018 amended rule to show cause. The trial court entered an order on May 15, 2018, which

---

[6] Appellant's motion did not contain a certificate of service or indicate that he effectuated service upon KML. The return address on Appellant's envelope listed his address as follows: "Noel Brown 0956, AMKC, 18-18 Hazen Street, East Elmhurst, NY 11370." (Hazen Street Address) **See** Motion for Appointment of Counsel, 4/9/2018.

[7] It is unclear why the trial court issued this order as Appellant had not filed an amended complaint as directed in its March 8, 2017 order.

- 3 -

made the amended rule absolute, granted KML's motion to dismiss action for *non pros*, canceled the pre-trial conference, struck the matter from the trial term, and directed the prothonotary to mark the matter "terminated and ended with prejudice."[8]  Order, 5/15/2018.

On May 23, 2018, Appellant filed a petition for continuance and petition for phone conference, in which he requested a trial continuance and to participate in the pre-trial conference by phone.[9]  The trial court denied both petitions on May 25, 2018.

On June 26, 2018, Appellant filed a motion to reinstate his complaint.[10]  The trial court issued a rule to show cause upon KML as to why

---

[8] On appeal, KML argues that the trial court's order entered on May 15, 2018, is a final order pursuant to Pa.R.A.P. 341(b), and claims that Appellant should have appealed from the May 15, 2018 order, not the October 3, 2018 order.  **See** KML's Brief at 2.  However, relief from judgment of *non pros* may be sought only by petitioning the trial court pursuant to Pa.R.C.P. 3051, and not by direct appeal to this Court.  **Suhautsky v. H.H. Knoebel Sons**, 782 A.2d 996, 999 (Pa. 2001).

[9] Appellant's petitions did not contain a certificate of service or indicate that Appellant effectuated service upon KML.

[10] While there is authority for the trial court to treat Appellant's motion to reinstate complaint as a petition to open judgment of *non pros*, neither the trial court nor the parties address or raise this issue, and given our disposition, as detailed *infra*, we need not make such a determination.  **See Debroff v. Coretti**, 645 A.2d 859 (Pa. Super. 1994) (treating Debroff's motion for reconsideration as a petition to open judgment of *non pros* pursuant to Pa.R.C.P. 3051), *overruled on other grounds by* **Tauss v. Goldstein**, 690 A.2d 742 (Pa. Super. 1997); **Sahutsky**, 782 A.2d at 1001 (explaining that in some circumstances a procedurally flawed petition may suffice to meet the requirements of Rule 3051); *but see* **Krell v. Silver**,

*(Footnote Continued Next Page)*

- 4 -

Appellant's motion to reinstate his complaint should not be granted. KML responded on July 23, 2018. On August 1, 2018, Appellant filed a motion to make the rule absolute,[11] which the trial court denied on August 3, 2018, because KML had responded to the court's rule to show cause.

On August 29, 2018, Appellant filed a document entitled "Re-consideration to reinstate [Appellant's] complaint."[12] The trial court treated it as a motion for reconsideration of its August 3, 2018 order denying Appellant's motion to make the rule absolute. *See* Rule 1925(a) Opinion, 1/18/2019, at 5. Upon consideration of Appellant's request, the court entered an order on September 6, 2018, scheduling a hearing for October 1, 2018.[13]

_____

*(Footnote Continued)* ————————

817 A.2d 1097 (Pa. Super. 2003) (holding Krell's motion for reconsideration not considered functional equivalent of petition for relief from *non pros* judgment). We note that at the top corner of his motion to reinstate complaint, Appellant listed his address as the Hazen Street Address. Appellant's motion did not contain a certificate of service or indicate that Appellant effectuated service upon KML.

[11] The return address on Appellant's envelope listed his address as the Hazen Street Address. *See* Motion to Make Rule Absolute, 8/1/2018.

[12] At the top corner of this filing, Appellant listed his address as the Hazen Street Address. *See* Re-consideration to Reinstate Plaintiff's Complaint, 8/29/2018.

[13] The trial court served the September 6, 2018 order upon Appellant at the Hazen Street Address. *See* Order, 9/6/2018, at 1 (unpaginated); *see also* Rule 1925(a) Opinion, at 1/18/2019, at 5.

On October 1, 2018, KML appeared for the hearing, but Appellant failed to appear or to request to participate in the hearing by telephone or alternative means. *See* Rule 1925(a) Opinion, 1/18/2019, at 5; *see also* Order, 10/3/2018, at 1 (unpaginated). On October 3, 2018, the court entered an order denying Appellant's motion for reconsideration of the August 3, 2018 order denying his motion to make the rule absolute, dismissed the matter with prejudice, and advised Appellant of his appellate rights.[14] Order, 10/3/2018, at 1 (unpaginated).

This appeal followed. The trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days and notified Appellant that any issue not properly included in the statement shall be deemed waived. Order, 12/26/2018.[15] Appellant failed to comply. The trial court issued a statement pursuant to Rule 1925(a) on January 18, 2019.

---

[14] The trial court served Appellant the October 3, 2018 order at Hazen Street Address, but it was returned to sender as undeliverable. *See* Rule 1925(a) Opinion, 1/18/2019, at 6; Returned Mail, Docket Entry 58, 10/29/2018. The certified docket entries indicate that the order was resent to Appellant at the White Street Address on October 29, 2018. *See* Docket Entry 58, 10/29/2018. In addition, KML filed an affidavit of service which certified that KML served the order on Appellant at the White Street Address on October 10, 2018. *See* Affidavit of Service, 10/11/2018.

[15] It is unclear from the record at which address the trial court served Appellant its order.

As a preliminary matter, we must determine whether we have jurisdiction to entertain this appeal. A notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a).

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. *See* Pa.R.A.P. 105. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) (some internal citations omitted).

Instantly, the order from which Appellant appeals, entered on October 3, 2018, notified Appellant that he had 30 days to appeal. Appellant did not file his notice of appeal until November 26, 2018. However, as discussed *supra*, the trial court served the order upon Appellant at the Hazen Street Address, not the address listed on Appellant's change of address form. The envelope bearing the different address was returned to the court as undeliverable, and the trial court re-served the order on October 29, 2018, to the White Street Address, which is the address listed on Appellant's most recent praecipe for change of address. Appellant filed his notice of appeal within 30 days of the October 29, 2018 date of service. Accordingly, we conclude that Appellant timely filed his notice of appeal. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007)

("Generally, an appellate court cannot extend the time for filing an appeal. Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court.") (citations omitted); **see also** Pa.R.A.P. 105(b) *Note* ("Subsection (b) of this rule is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court.").

We next address Appellant's failure to file a Rule 1925(b) statement. "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." **Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007). "[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*); **see also** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa. Super. 2017) ("It is well-settled that an appellant's failure to comply with a trial court's Rule 1925(b) [o]rder results in a waiver of all issues on appeal."). In light of the foregoing, we conclude Appellant has waived all issues on appeal by failing to file a court-ordered Rule 1925(b) statement, and we affirm the trial court's order denying his request to reconsider reinstatement of his complaint and dismissing his complaint with prejudice.

However, even if Appellant did not waive all issues based upon his failure to file a Rule 1925(b) statement, he certainly has waived all issues by his woefully deficient appellate brief. Appellant fails to comply with multiple rules of appellate procedure. **Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa. Super. 2006) ("This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."), *citing* Pa.R.A.P. 2101. **Compare generally** Appellant's Brief **with** Pa.R.A.P. Chapter 21 (relating to briefs and reproduced records); **see also** Pa.R.A.P. 2111 (requiring appellant's brief to contain, *inter alia*, a separate and distinct statement of jurisdiction; order in question; statement of scope and standard of review; statement of questions involved; statement of the case; summary of the argument; argument; and conclusion with relief sought). Thus, Appellant has failed to develop any issue in any meaningful fashion capable of review and has waived all issues. **Commonwealth v. Patterson**, 180 A.3d 1217, 1229 (Pa. Super. 2018) (finding waiver because appellant's brief failed to develop issue in any meaningful fashion capable of appellate review); **Norman for Estate of Shearlds v. Temple Univ. Health Sys.**, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his

lack of expertise and legal training will be his undoing.") (quoting **Wilkins**, 903 A.2d at 1284); **Hoover v. Davila**, 862 A.2d 591, 595-96 (Pa. Super. 2004) ("A *pro se* litigant is not absolved from complying with procedural rules.").

Order affirmed.[16]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/19

---

[16] In light of our disposition, Appellant's "Motion to Advance the Cause," filed on August 21, 2019, is denied as moot.