555 A.2d 926

**Kathleen HALL and Wayne Hall, Appellants,**

v.

**Lonna Sue REEB and Earl L. Reeb, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1989.
Filed March 15, 1989.

Stanley M. Stein, Pittsburgh, for appellants.

Charles A. Buechel, Jr., Pittsburgh, for appellees.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

PER CURIAM:

Plaintiff–Appellants appeal from the order entered by the Honorable Bernard J. McGowan quashing their appeal from the award entered in favor of the Defendant–Appellees by a board of arbitrators. For the reasons which follow, we reverse the order.

The Halls initiated the underlying action to recover damages allegedly sustained when the automobile being driven by Kathleen Hall was involved in a collision with the automobile being driven by Lonna Sue Reeb. In the Plaintiff–Appellants' complaint, it was alleged that Kathleen Hall suffered an injury which was permanent in nature as a result of the collision. At a pre-trial conciliation, Judge McGowan, over objection by counsel for the Halls, ordered the case transferred to arbitration.[1] The Halls' motion requesting that Judge McGowan reconsider his order was denied. Subsequently, the Halls failed to appear at the scheduled arbitration hearing and, accordingly, an award was entered in favor of the Reebs. As previously noted, the Halls' timely appeal from that award was quashed by order of Judge McGowan thereby prompting the instant appeal.

In quashing the Halls' appeal for trial *de novo*, Judge McGowan framed the issue as "whether or not a party ordered to Arbitration over her or his objection has the right to deliberately circumvent the transfer order by not appearing before the Arbitrators and then[,] upon entry of an ex parte[sic] default award against the party, appeal the same to the Civil Division for a Judge and jury trial." Trial Court opinion at 3. Parenthetically, we note that the Plaintiff–Appellants admit in their brief to this Court that "[b]y prior understanding between counsel so that the defense would not have to unnecessarily produce witnesses, Plaintiffs did not appear at the hearing...." Brief for Plaintiff–

1. Judge McGowan ordered the case transferred to arbitration pursuant to Allegheny County local rule 212 which provides: "VIII. The judge presiding at the pre-trial conciliation conference, ... shall transfer to arbitrators all cases where the amount actually in controversy does not exceed the jurisdictional limits...."

Appellants at 7. The Halls assert that despite their conduct, Judge McGowan, in the absence of a rule or legislative pronouncement, was without authority to quash their appeal for a *de novo* trial.

We begin our analysis with a review of the statute pertaining to compulsory arbitration, 42 Pa.C.S. § 7361. There, certain civil matters are required to "first be submitted to and heard by a board of three members of the bar of the court." 42 Pa.C.S. § 7361(a). The types of civil matters to which subsection (a) applies are set forth in subsection (b) and are not critical to our inquiry.[2] The process by which a party may appeal an award from the board of arbitrators is set forth clearly and unambiguously in 42 Pa.C.S. § 7361(d) which, in pertinent part, provides that "[a]ny party to a matter shall have the right to appeal for trial de novo in the court. The party who takes the appeal shall pay such amount or proportion of fees and costs and shall comply with such other procedures as shall be prescribed by general rules."

Rules 1301–1314 of the Pennsylvania Rules of Civil Procedure, 42 Pa.C.S., apply to actions submitted to compulsory arbitration. Pa.R.C.P. 1308 specifies the steps necessary to perfect an appeal from the arbitrators' award. These prerequisites must be satisfied, as they are jurisdictional. *Pullium v. Laurel School District*, 316 Pa.Super. 339, 462 A.2d 1380 (1983). Pa.R.C.P. 1308(a) requires that "[a]n appeal from an award shall be taken by" filing the appropriate notice of appeal not more than thirty days after entry of the award, and payment of the arbitrators' compensation to the prothonotary, unless the court permits the appellant to proceed *in forma pauperis*. An examination of the record certified to this Court reveals that the Halls complied with the mandates of Pa.R.C.P. 1308(a) in perfecting their appeal.

**2.** In light of our disposition of this case, we need not reach the second issue presented by the Halls which posits that Judge McGowan abused his discretion by transferring the case, sua sponte, to arbitration.

Additionally, Pa.R.C.P. 1303, pertaining to the hearing and notice thereof, provides that "[w]hen the board is convened for hearing, if one party is ready and the other is not the case shall proceed and the arbitrators shall make an award unless the court orders a continuance." Pa.R.C.P. 1303(b). In discussing this particular subsection, the Explanatory Notes comment:

> A problem frequently encountered in present practice is the failure of a party to appear at the hearing. Present practice does not permit a nonsuit of a non-appearing plaintiff. Indeed a nonsuit would be impractical, since there is no machinery by which a nonsuit could be removed by the arbitrators. Rule 1303(b) provides that if a plaintiff does not appear, the arbitrators shall, unless the court has ordered a continuance, proceed to enter an award. Similarly, if a defendant does not appear, and the court has not ordered a continuance, the arbitrators proceed to hear the matter and enter an award. The remedy for dissatisfaction with the award is to appeal.

We do not, under any circumstances, countenance the temerity of any member of the bar who instructs or encourages a party to intentionally fail to appear at a scheduled arbitration hearing so as to exercise an "automatic right" to appeal the arbitrators' award to the Court of Common Pleas for trial *de novo*. We share Judge McGowan's frustration since such abuses of the arbitration system impede the judiciary's ability to expeditiously dispose of pending litigation which is the overall objective of compulsory arbitration. Our decision today is not meant to foreclose the possibility that a Rule of Civil Procedure could, if adopted, result in the waiver of the right to appeal. Possibly, the Civil Procedural Rules Committee could examine this issue. Nevertheless, we conclude that the Halls complied with all the necessary steps in perfecting their appeal and that Judge McGowan erred in quashing their appeal for trial *de novo*. Pa.R.C.P. 1303(b), 1308.

The order is reversed and the case remanded for proceedings consistent with this opinion. Jurisdiction is not retained.