## Kish v. Hummel

*Daniel Spengler,* for plaintiffs.
*Timothy J. Siegfried,* for defendents.

FREEDBERG, *P.J.,* January 15, 1993—This matter is before the court upon the petition of plaintiffs for an award of counsel fees against the defendants. Plaintiffs seek counsel fees incurred by them for a compulsory arbitration proceeding pursuant to 42 Pa.C.S. §7361.

Plaintiffs sued defendants for damages allegedly incurred as a result of a wrongful eviction. The action was originally filed before a district justice and resulted in a verdict for the plaintiffs when defendants did not appear to contest. Defendants then filed a notice of appeal. In response to plaintiffs' complaint, defendants filed an answer and counterclaim. The damages sought by the parties did not exceed the compulsory arbitration limits, so that the matter was scheduled for compulsory arbitration. Defendants did not appear at the arbitration, a verdict for plaintiffs resulted, and defendants have now filed an appeal for a trial de novo. Defendants have offered no valid excuse for failing to appear at the arbitration proceeding. Rather, they assert that after

a conference with their counsel they decided not to attend and to file for a trial de novo. Plaintiffs contend that they have incurred $900 in counsel fees which they seek from the defendants.

At the outset we note that this is not a petition to dismiss the appeal for trial de novo. The Pennsylvania Superior Court has held that the failure to attend an arbitration proceeding is not a waiver of a right of de novo appeal. *Hall v. Reeb,* 382 Pa. Super. 452, 555 A.2d 926 (1989); *McGonigle v. Currence,* 387 Pa. Super. 511, 564 A.2d 508 (1989). Rather, plaintiffs seek counsel fees claiming that defendants' conduct was dilatory, obdurate and vexatious within the meaning of 42 Pa.C.S. §2503(7) and arbitrary, vexatious and in bad faith pursuant to 42 Pa.C.S. §2503(9). They cite *Barmak v. Duquesne Light Co.,* 36 D.&C.3d 135 (1985),[1] a case wherein Judge Wettick of the Allegheny County Court of Common Pleas granted counsel fees to a defendant which appeared at an arbitration proceeding when plaintiff failed to appear; plaintiff then filed an appeal for de novo trial. The court found that plaintiff's conduct justified an award of counsel fees pursuant to sections 2503(7) and (9). We agree with the following language from *Barmak:*

"Compulsory arbitration was established by the legislature to provide a less costly and more expeditious

---

1. In *Barmak,* Judge Wettick noted that the petitioner was the defendant in the litigation. As such, the defendant had no burden of proof and it was not mandatory that the defendant appear at the arbitration proceeding. In the instant case, petitioner was a defendant on the counterclaim so that the rule of *Barmak* would apply. Further, we believe that the sanction that we have imposed is appropriate even if the party who appeared at the arbitration was a plaintiff for the reason set forth in the following paragraph of the text of the opinion.

manner for resolving smaller claims. *Smith Case,* 381 Pa. 223, 112 A.2d 625 (1955). Compulsory arbitration will achieve its purpose of resolving smaller claims in this fashion as a substitute for the judicial determination of these claims only if the litigants are present at the arbitration hearing with the necessary witnesses.... An attorney who has acted or failed to act in a fashion that thwarts the purposes of the compulsory arbitration legislation to the direct detriment of an opposing party has engaged in dilatory, obdurate, or vexatious conduct during the pendency of a matter within the meaning of section 2503(7) and has engaged in conduct that is arbitrary, vexatious or in bad faith within the meaning of section 2503(9) of the Judicial Code." *Id.* at 139.

We also note that Pa. R.C.P. 1305 provides simplified methods for establishing damages in arbitration-level matters. For example, written estimates of damage to property are admissible without the necessity of calling the person preparing the estimate to testify. By ignoring the arbitration proceeding, the defendants have deprived the plaintiffs of the ability to proceed in this simplified fashion without excuse or justification. Therefore, we hold that their conduct in ignoring the arbitration hearing violated the provisions of sections 2503(7) and (9).

Compulsory arbitration pursuant to 42 Pa.C.S. §7361 not only benefits the court by reducing the volume of trials, but also benefits the litigants by enabling a speedy and relatively inexpensive forum for determination of cases involving comparatively small claims. Those who ignore the legislative mandate to arbitrate such matters should forfeit the right to de novo appeal. *Hall v. Reeb, supra.* It is for this reason that the Superior Court panel in *Hall v. Reeb,* invited the Civil Procedural Rules Committee to consider adopting a rule that would result in the forfeiture of the right to appeal if the

party failed to appear for an arbitration. We join in urging the adoption of such a rule.

Wherefore, we enter the following:

## ORDER

And now, January 15, 1993, plaintiffs' petition for counsel fees is granted. It is hereby ordered that defendants shall pay plaintiffs $900 for counsel fees incurred in the arbitration of this matter and the presentation of the petition for counsel fees.