687 A.2d 819

Andrea TURAY, Appellant,

v.

Yah Z. IRBY, George B. Donnie, RJB
Cab Company and Philly Cab Co.

Superior Court of Pennsylvania.

Argued Sept. 11, 1996.

Filed Dec. 4, 1996.

Reargument Denied Feb. 11, 1997.

Allen L. Feingold, Philadelphia, for appellant.

Eli Gabay, Philadelphia, for Donnie, RJB Cab & Philly Cab, appellees.

Before CAVANAUGH, FORD ELLIOTT and HOFFMAN, JJ.

CAVANAUGH, Judge:

This appeal is from an order dated April 29, 1996, which vacated an arbitration award and remanded the action for a new arbitration hearing. Plaintiff initiated this personal injury action seeking damages arising from an automobile accident. The claimed damages were less than the compulsory arbitration limit of $50,000 in Philadelphia County.

At the arbitration hearing on November 15, 1995, plaintiff elected not to present any evidence. Accordingly, the arbitrators found in favor of defendants. Plaintiff then appealed the decision of the arbitrators. Prior to plaintiff's trial de novo, the Honorable Victor DiNubile, Jr. entered an order to "re-

mand for arbitration" in accordance with a standard practice and policy of the Philadelphia Court of Common Pleas.

It is important to understand the background leading up to the remand order before us. This was stated by the now veteran jurist, the Honorable Victor J. DiNubile, Jr.:

At the arbitration hearing, the plaintiff did not present any evidence. After an adverse verdict, she appealed. In accordance with the administrative procedures promulgated for arbitration appeals, plaintiff was assigned both a trial date and a settlement conference. Pursuant to a policy developed by the then Administrative Judge of the Trial Division, Alex Bonavitacola and the Calender Judge of the Complex Litigation Center, Sandra Mazer Moss, an appeal of an arbitration decision where the appellant fails to present any evidence shall be quashed and the case shall become subject to remand for a new arbitration hearing. The Order at issue here, which remanded this case back to arbitration in accordance with the policy dictated by Judges Bonavitacola and Moss, is interlocutory because it does not finally dispose of this action.

Notwithstanding the interlocutory nature of the Order of remand, plaintiff's position on the merits also must fail for reasons of judicial efficiency. The Complex Litigation Center lists at least 2000 cases a year arising from appeals from arbitration. Last year, the total number was 2,258 (see Arbitration Center Statistics 1995). In addition, the Center, with Judges and personnel, are assigned all Mass Torts as well as Major Non–Jury Trials. This policy of remand was developed for two compelling reasons. First, it resulted in a lessening of the number of arbitration appeals. To disallow this remand and countermand our court policy would result in a drastic increase in the number of appeals over the present case load. Secondly, it has been the past practice of some counsel to attempt to obtain quicker listings of their major cases (those involving damages greater than $50,000) by an improper use of the arbitration system. These attorneys would file their actions as arbitration matters, present no evidence at the hearing, then appeal so they

could try their major case to a jury under the guise that it was an arbitration appeal. By the mal-use of the system, they were able to obtain a quicker trial listing than they could have received if they had filed under the category of the "Major Jury Trial." The remand policy has put an end to this wrongful activity.

Claimant Turay now appeals to this court arguing that the trial court abused its discretion when it remanded the case back for a new arbitration hearing. Appellant contends the trial court erred when it denied his de novo trial rights even though he complied with all necessary procedural steps to perfect the appeal. We must first examine whether this court has jurisdiction to hear the matter.

Appellant argues this court has jurisdiction over this direct appeal pursuant to the Pennsylvania Rules of Appellate Procedure, Rules 311(a)(6) and 313, 42 Pa.C.S.A. He argues alternatively that an interlocutory order which imposes costs upon appellant is immediately appealable under the supreme court decision in *Garris v. McClain,* 399 Pa. 261, 262–263, 160 A.2d 398, 399 (1960).

For the following reasons, we quash the appeal.

 An appeal may be taken from a final order which disposes of all claims or all parties. *Continental Bank v. Andrew Bldg. Co.,* 436 Pa.Super. 559, 565, 648 A.2d 551, 554 (1994); 42 Pa.R.A.P. 341. An appeal may be taken from an interlocutory order as of right, if the order is within the categories enumerated by Pa.R.A.P., Rule 311. *Id.* at 565, 648 A.2d at 553. An order which is not final or appealable as of right may be taken if the order is collateral pursuant to Pa.R.A.P., Rule 313. *Id.*

 Appellant argues that the order is appealable as of right as an order directing a new trial pursuant to Rule 311(a)(6). Appellant contends the order remanding the case to proceed to arbitration is one that awards a "new trial" but fails to cite any authority for this proposition. We conclude that a remand to comply with compulsory arbitration is not a "new trial" within the meaning of Rule 311(a)(6). The present

order was not an award of a retrial based upon error at the initial proceeding, it is simply an insistence upon good faith conformity to the letter and spirit of the arbitration component of our jurisprudential system. Thus, we find appellant's argument that appellate jurisdiction is established through Rule 311(a)(6) to be without merit.

This quashal in no way impairs appellant's ultimate right to a de novo trial on appeal from an arbitration award. *Hall v. Reeb*, 382 Pa.Super. 452, 555 A.2d 926 (1989) and *McGonigle v. Currence*, 387 Pa.Super. 511, 564 A.2d 508 (1989) may be distinguished and do not confer jurisdiction over the present appeal. In those cases the trial court simply quashed the appeal from arbitration. Thus, the proceedings were ended and the order was final. Here, there is no finality since the order redirected the litigation for compliance with arbitration procedures.

We find support in cases where the appealed order simply directs further appropriate proceedings. *Patton v. Hanover Ins. Co.*, 417 Pa.Super. 351, 353, 612 A.2d 517, 518 (1992); *Cf. Cassidy v. Keystone Ins. Co.*, 297 Pa.Super. 421, 443 A.2d 1193 (1982) (order appointing arbitrator does not end litigation and therefore is interlocutory and not appealable by right); *Gardner v. Prudential Ins. Co.*, 332 Pa.Super. 358, 481 A.2d 654 (1984) (order compelling arbitration was non-appealable because it forces parties into rather than out of court).

■ Appellant next argues the order is appealable as a collateral order. A collateral order is separable from the main cause of action. Pa.R.A.P., Rule 313, 42 Pa.C.S.A. It raises a right too important to be denied review and involves a question that would be lost if review is postponed. *Id.* Simply stated, we do not perceive that patent misutilization of arbitration jurisdiction as a means of achieving preferred de novo general jurisdiction trial prerogatives is a "right" too important to be denied meritorious review.

Appellant's final argument is that despite the interlocutory character of the trial court's order remanding the case to arbitration, it is properly before this court because it imposes

costs. Reliance is placed on *Garris v. McClain*, 399 Pa. 261, 262–263, 160 A.2d 398, 399 (1960). There, our supreme court held that an interlocutory order which imposed costs upon a party was immediately appealable. In that case, when an impropriety occurred. The trial court granted defendant's motion for mistrial with the costs imposed upon plaintiff. Our supreme court held that "... although the order did not put the plaintiff out of court and is interlocutory, it also imposed costs on the plaintiff and is therefore, appealable ..." *Id.* at 262–263, 160 A.2d at 399.

Appellant argues that the fees paid to perfect the appeal from arbitration to the trial court and any future fees that may be necessary to perfect an additional appeal are costs imposed by the trial court's order. Additionally, he claims the non-refundable witness and subpoena fees incurred in anticipation of trial are also court imposed costs.

There is no merit to this argument. In *Garris* the costs were a form of sanction where in the present case the "costs" are simply voluntary expenditures incurred in pursuit of the present appeal which inevitably we find to be without jurisdiction.

Our decision to quash this appeal supports the jurisdictional integrity of a court whose judges must be empowered to apply measures designed to preserve the fair and even handed administration of justice in the face of an inundation of litigation for disposition by limited court resources.

Appeal quashed.