690 A.2d 742

**Nadine TAUSS, Appellant,**

v.

**Dr. Raymond GOLDSTEIN, Appellee.**

Superior Court of Pennsylvania.

Argued June 24, 1996.

Filed March 13, 1997.

Jerry Lyons, Philadelphia, for appellant.

Angela L. Dumm, Philadelphia, for appellee.

Before McEWEN, P.J., and DEL SOLE, BECK, TAMILIA, KELLY, POPOVICH, JOHNSON, HUDOCK and SCHILLER, JJ.

KELLY, Judge:

In this appeal we must determine whether the trial court had the authority under Pa.R.Civ.P. 218(a) to enter a judgment of *non pros* against the plaintiff when she failed to

appear for an arbitration hearing. We hold that Pa.R.Civ.P. 218(a)[1] which authorizes a trial court to enter a judgment of *non pros* when a plaintiff fails to appear for trial is inapplicable to an arbitration proceeding. Thus, we vacate the trial court's orders entering judgment of *non pros* against appellant and denying her petition to open the judgment of *non pros* and remand the case for further proceedings consistent with this opinion.

The relevant facts and procedural history of this appeal are as follows. On August 13, 1993, appellant, Nadine Tauss, filed a praecipe to issue a writ of summons against appellee, Dr. Raymond Goldstein, alleging dental malpractice. An arbitration hearing was scheduled on the face of the writ of summons for 9:30 a.m., February 8, 1994, at 1500 Chestnut Street. The writ of summons was served upon appellee on September 3, 1993. Because appellant failed to appear at this arbitration hearing on February 8, 1994, the distinguished trial judge, the Honorable Alex Bonavitacola, filed an order entering a judgment of *non pros* against appellant.[2]

On March 7, 1993, appellant filed a petition to open the judgment of *non pros* alleging that appellant's failure to appear at the arbitration hearing was reasonable because appellee had not responded to the writ of summons in any manner including filing a praecipe to issue a rule upon appellant to file a complaint. Appellant attached to her petition as Exhibit E a report from Dr. William L. Issacs, D.M.D. stating that the bridgework that had been performed by appellee on appellant's mouth deviated from the accepted standard of practice in the dental profession.

On May 17, 1994, the trial court filed an order denying appellant's petition to open judgment of *non pros* without prejudice to permit appellant to file a proof of service of

1. The rule provides as follows:
 Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion.
 Pa.R.Civ.P. 218(a).

2. We note that appellee also failed to appear at the arbitration hearing.

complaint. The trial court's order further granted appellant leave to file an amended petition to open the judgment of *non pros* and directed that the amended petition set forth the reasons why a complaint was not filed before the arbitration hearing date. Additionally, the trial court's order directed appellant to file a civil cover sheet as required by Phila.Civ.R. 209. The trial court further stated in the order that its decision was based upon its review of appellant's petition to open judgment *non pros* and the docket entries.

On June 28, 1994, appellant filed an amended petition to open judgment of *non pros*. In this amended petition, appellant alleged that due to appellee's failure to respond to the writ of summons, appellant had requested a continuance of the arbitration date on the same day on which the arbitration hearing was scheduled to be held and that when the continuance was not granted, an administrative miscue caused appellant's counsel's failure to appear.[3]

At the time appellant filed her amended petition to open judgment of *non pros*, she also filed a civil cover sheet as directed by Judge Bonavitacola's May 17, 1994 order. Additionally, appellant also filed a proof of service of writ of summons upon appellee. On August 12, 1994, the trial court entered an order which denied appellant's petition to open judgment of *non pros*, stating that the petition failed to comply with the trial court's February 8, 1994 order. Appellant immediately filed a motion for reconsideration, followed shortly thereafter by a timely notice of appeal to this Court. The trial court denied appellant's motion for reconsideration on October 3, 1994.

On appeal, appellant raises the following issues for our review:

**3.** Appellant attached as Exhibit D of her petition to open judgment *non pros* a letter dated February 8, 1994, which appellant purports was hand delivered to the Arbitration Center. This letter requests a continuance of the arbitration hearing and states that a complaint would be filed within thirty days. Doctor Goldstein, however, was not notified of appellant's request for a continuance.

A. DID THE TRIAL COURT ABUSE ITS DISCRETION IN FAILING TO STRIKE THE NON PROS ORDER AND OPEN JUDGMENT WHEN:

1. APPELLANT MET THE REQUISITES OF PA. R.C.P. 3051;

2. APPELLANT COMPLIED WITH THE COURT'S ADDITIONAL DIRECTIVES; AND

3. APPARENT DEFECTS EXIST ON THE FACE OF THE RECORD?

B. DID THE TRIAL COURT ERR IN LAW WHEN IT ENFORCED A LOCAL RULE (PHILADELPHIA CIVIL RULE *1303(G)) WHICH CONFLICTED WITH AN OVERRIDING STATE RULE (PENNSYLVANIA RULE OF CIVIL PROCEDURE 1304(a))?

(Appellant's Brief at 3).[4]

 We shall begin by addressing appellant's second issue first because our disposition of this issue will result in the resolution of this appeal. Appellant contends that the trial court committed error when it enforced Phila.Civ.R. 1303(G)(repealed)[5] authorizing the entry of judgment of *non pros* when counsel fails to appear at an arbitration hearing. Appellant argues that the now-repealed Phila.Civ.R. 1303(G) is inconsistent with Pa.R.Civ.P. 1304(a)[6] which directs the arbi-

4. Appellant never requested the trial court to strike the judgment of *non pros* in either her petition of March 7, 1994 or her amended June 28, 1994 petition.

5. This rule provided:

 Counsel shall give immediate written notification to the Deputy Court Administrators for Arbitration of any settlement of cases or changes of appearance. Notification may be given by telephone where time does not permit written notification. Failure to do so will result in the imposition of sanctions. Otherwise, if counsel does not appear for the hearing, the case will be *non prossed.*

 Phila.Civ.R. 1303(g) (repealed).

6. The Pennsylvania rule provides:

 Except as otherwise prescribed by these rules, the board of arbitrators shall conduct the hearing in conformity with Rule 1038(a). A voluntary nonsuit may be taken by a plaintiff as permitted by Rule 230. If the plaintiff fails to appear or if, at the conclusion of the

tration board to enter an award in favor of defendant when the plaintiff fails to appear at an arbitration hearing. Thus, appellant asserts that the trial court committed reversible error by entering a judgment of *non pros* against appellant when she failed to appear at the February 8, 1994 arbitration hearing and that the judgment entered against her is a void judgment. We agree.

In *Rieser* the same trial court entered judgment of non pros in favor of the defendant, where the plaintiffs failed to appear at an arbitration hearing, and denied plaintiffs' petition to open judgment. The defendant claimed that the trial court had authority to act in accordance with Philadelphia Civil Rule No. *1303(g) which directed that a judgment of non pros should be entered when the plaintiff failed to appear at a scheduled arbitration hearing. The Superior Court in *Rieser* pointed out that the local rule was inconsistent with Pa.R.C.P. No. 1304(a) which mandates an award by the arbitrators in favor of the defendant when the plaintiff fails to appear at an arbitration hearing, and was also inconsistent with Pa.R.C.P. No. 1308, which gives the plaintiff the right to appeal that award. Thus, Philadelphia Civil Rule No. *1303(g) gave the trial court no authority to act, as contended by the defendant.

However, the trial court did not rely upon its local rule in *Rieser* nor did it do so in this case. Instead, the trial court relied upon Pa.R.C.P. No. 218(a), which provides that where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion. The Superior Court properly held that Pa.R.C.P. No. 218 addresses trials not arbitration proceedings, which are governed by Pa.R.C.P. No. 1301, et seq.

*Pisano v. Southeastern Pa. Transp. Authority,* 673 A.2d 442, 443 (Pa.Cmwlth.1996)(citing *Rieser v. Glukowsky,* 435 Pa.Su-

plaintiff's case, the board deems the evidence insufficient to support an award in favor of the plaintiff, it shall enter an award in favor of the defendant. If the board does not do so, the defendant may proceed to offer evidence.
Pa.R.Civ.P. 1304(a).

per. 530, 646 A.2d 1221 (1994)). Thus, the trial court's entry of judgment of *non pros* against appellant for failing to appear for the arbitration hearing was improper under Pa.R.Civ.P. 1304(a) which does not authorize the trial court to enter a judgment of *non pros* under these circumstances. Nor was the trial court given the authority under Pa.R.Civ.P. 218(a) to enter a judgment of *non pros* against appellant for failing to appear at the arbitration hearing, as this rule addresses only trials and not arbitration hearings which are, as previously stated above, governed by Pa.R.Civ.P. 1301 *et seq.*

We are aware that in *Debroff v. Corretti,* 435 Pa.Super. 279, 645 A.2d 859 (1994), as noted by appellee, a panel of this Court stated that it was compelled to turn to Pa.R.Civ.P. 218 for guidance because neither Pa.R.Civ.P. 1303 nor 1304 addresses a situation where neither party appeared at an arbitration proceeding. In that case, which arose in Allegheny County, Judge McGowan entered an order dismissing appellant's complaint with prejudice after both parties failed to appear for an arbitration hearing. Appellant, shortly thereafter, filed a motion for reconsideration which was denied and an appeal followed. Initially, the panel in *Debroff v. Corretti, supra,* held that for all practical purposes in the context of that case the motion for reconsideration was the same as a petition to open the judgment of *non pros* and reviewed the matter as an appeal from the denial of a petition to open judgment *non pros. Id.* at 286, 645 A.2d at 862.

The panel concluded that appellant did not have a satisfactory excuse pursuant to Pa.R.Civ.P. 3051 and Pa.R.Civ.P. 218 for his failure to appear at the call of the list before the Board of Judicial Arbitration, and, thus, held that the trial court properly denied his petition to open judgment of *non pros.* Because that case arose in Allegheny County and therefore did not concern the validity of the now repealed Phila.Civ.R. 1303(G), we note that it is inapplicable to the instant case except for the panel's application of Pa.R.Civ.P. 218 to an arbitration hearing. Accordingly, we must resolve the question of whether Pa.R.Civ.P. 218 may be applied by a trial court

to enter a judgment of *non pros* when a plaintiff fails to appear for an arbitration hearing.

In *Rieser v. Glukowsky, supra,* we held as follows:

[A]s is apparent from the title and text of the rule, Rule 218 of the Pennsylvania Rules of Civil Procedure addresses trials not arbitration hearings. When the words of a rule are clear and free from all ambiguity, the letter of the rule is not to be disregarded. Pa.R.Civ.P. 127. Further, it is presumed that the entire chapter of rules is to be effective. Pa.R.Civ.P. 128(b). If Pennsylvania Rule of Civil Procedure 218 is utilized in arbitration cases as well as trials, then Pennsylvania Rules of Civil Procedure 1303(b) and 1304(a) would not be effective; in fact, they would be superfluous. In order to give effect to each rule, Rule 218 of the Pennsylvania Rules of Civil Procedure application must be limited to trials and Pennsylvania Rules of Civil Procedure 1303(b) and 1304(a) must be applied to arbitration hearings. Thus, Pennsylvania Rule of Civil Procedure 218(a) does not give common pleas court judges the authority to enter the judgment *non pros* when a plaintiff fails to appear at an arbitration hearing.

*Id.* at 544, 646 A.2d at 1228. *See also Bryant v. Orthopedic Surgery & Rehabilitation and Assoc.,* 455 Pa.Super. 503, 688 A.2d 1208 (1997)(*en banc*) (trial court lacked authority to dismiss *sua sponte* arbitration appeal because appellant's counsel's failure to attend the status call of the list). *Hatalowich v. Bednarski,* 315 Pa.Super. 303, 306, 461 A.2d 1292, 1294 (1983)(trial court lacks authority under Pa.R.Civ.P. 218 to enter an order of *non pros sua sponte. See also Paulish v. Bakaitis,* 442 Pa. 434, 443, 275 A.2d 318, 322 (1971)(a trial court is without power to enter a judgment on its own motion).

Based upon the foregoing reasoning, the portion of this Court's previous decision in *Debroff v. Corretti, supra* at 282 n. 2, 645 A.2d at 861 n. 2, which stated that because Pa.R.Civ.P. 1303 and 1304 are silent as to situations where neither party appears for an arbitration hearing we must look toward Pa.R.Civ.P. 218(a) for guidance in an arbitration case, is overruled. Accordingly, we hold that a trial court cannot

utilize Pa.R.Civ.P. 218(a) as a basis to enter a judgment of *non pros* when a plaintiff fails to appear at an arbitration hearing.[7]

■ Finally, we note that the trial court's opinion raises an additional basis for its entry of the judgment of *non pros* against appellant in this arbitration case. The trial court states that the delay caused by appellant's failure to file a complaint served as an additional reason for entering a judgment of *non pros* against appellant. While we are in agreement with the trial court that appellant should have filed a complaint, especially in light of the fact that she stated that she would be filing a complaint within thirty days of her February 8, 1994 request for a continuance and could have easily served a complaint upon appellee and attached the same to her petition to open judgment of *non pros*, we cannot hold that appellant's failure to file a complaint would allow us to affirm the trial court's entry of judgment of *non pros* due to appellant's failure to proceed with reasonable promptitude.

Our review of the Philadelphia Civil Court Rules that were in effect at the time of the February 8, 1994 arbitration

7. In *Rieser v. Glukowsky, supra* at 539 n. 5, 646 A.2d at 1225 n. 5, we stated that this rule and the case law unfortunately allow parties to intentionally skip arbitration and proceed to a trial *de novo*. Philadelphia County, however, has recently implemented a new policy to remedy this situation. This new policy holds that any appeal of an arbitration decision where the appellant fails to present any evidence shall be quashed and the case shall become subject to a remand to the arbitration panel for a new arbitration hearing. *Turay v. Irby*, 455 Pa.Super. 118, 119–22, 687 A.2d 819, 820–21 (1996). We note that this new policy should also be applied to situations where an appellant's failure to present any evidence at the arbitration hearing was caused by appellant's failure to appear at that arbitration hearing.

Additionally, the Civil Procedure Rules Committee has proposed the amendment of Pa.R.Civ.P. 1303 to empower Common Pleas Court judges to enter a non-suit if a plaintiff fails to appear for an arbitration hearing or a *non pros* judgment if neither party appears. *See* 20 P.L.W. 35, 20 P.L.W. 36 and 20 P.L.W. 51. The adoption of this proposed amendment to Pa.R.Civ.P. 1303 will both eliminate the problem of plaintiffs failing to appear for arbitration hearings and then appealing for trials *de novo* before the Common Pleas Court and the number of appeals these types of cases generate where the Common Pleas Court has attempted to strengthen its arbitration program by sanctioning those who attempt to bypass arbitration by this subterfuge.

hearing reveals that if a complaint was not filed by the date of the scheduled arbitration, the proper remedy under the rules was to dismiss the case without prejudice and after a complaint was filed, schedule a new hearing date after the Prothonotary stamped a new cover sheet and forwarded it to the Deputy Court Administrator for Arbitration. *See* Phila.Civ.R. 1303(H).[8] Accordingly, because appellant failed to file a complaint before the February 8, 1994 hearing date, the proper remedy under Phila.Civ.R. 1303(H) would have been to dismiss appellant's action without prejudice. Thus, we cannot uphold the trial court's entry of a judgment of *non pros* based upon appellant's failure to file a complaint before the February 8, 1994 arbitration hearing date.

Therefore, based upon the foregoing, we vacate the order denying appellant's petition to open the judgment of *non pros* as it is based upon a void judgment, and we vacate the order entering the void judgment of *non pros*. We remand this case to the trial court with instructions in compliance with Phila.Civ.R. 1303(H)(repealed) to direct the board of arbitrators to reconvene and to dismiss appellant's case without prejudice. After appellant complies with the dictates of Phila.Civ.R. 1303(H) (repealed) by filing a complaint, the case shall proceed to arbitration.[9]

February 8, 1994 order vacated. August 12, 1994 order vacated for further proceedings consistent with this opinion. Case remanded. Jurisdiction relinquished.

**8.** The rule provided as follows:

> If a a complaint has not been filed or service has not been made by the date of the scheduled hearing, the case will be dismissed without prejudice. it is not necessary to avoid such a dismissal by filing an application for a continuance. If a complaint is subsequently filed, or service is subsequently made, a new hearing date will be scheduled upon forwarding the Prothonotary-stamped cover sheet of the complaint or proof of service of the Deputy Court Administrator for Arbitration.

Phila.Civ.R. 1303(H)(repealed).

**9.** Due to the disposition of this case, we do not address appellant's first issue.

386

DEL SOLE, J., filed a dissenting opinion.

BECK and TAMILIA, JJ., joined DEL SOLE'S, J., dissenting opinion.

DEL SOLE, Judge, dissenting.

I am unable to join the opinion of the Majority.

This is a case where neither side appeared when called for the scheduled arbitration hearing, and following this nonappearance, the trial court entered a *non pros*. I conclude that the court had authority to enter that judgment. The Majority suggests that under Pa.R.Civ.P. 1304(a) the trial court lacked authority to enter a *non pros*, however that rule does not apply to the facts before us. Rule 1304(a) refers to action which may be taken by the *arbitrators* where only one party fails to appear for the hearing. As noted, this case concerns a matter where neither side appeared.

In *Debroff v. Corretti*, 435 Pa.Super. 279, 645 A.2d 859 (1994) we held that when neither party appears for the arbitration hearing, Pa.R.Civ.P. 218 applies and a trial judge is permitted to enter a *non pros*. The application of Rule 218 is sound. Arbitration is governed by Pa.R.Civ.P.1301 *et. sec.* Rule hearing in conformity with Rule 1038(a)." This reference to Rule 1038(a) **TRIAL WITHOUT JURY** gives the same status to an arbitration hearing as a non-jury trial. Rule 218 permits a trial judge to enter a *non pros* if a party does not appear when a case is called for trial.

Not only do I believe the decision in *Debroff* is correct, but I also find it represents sound policy. Applying Rule 218 prevents parties from ignoring the arbitration process and it serves to protect the courts from the administrative and financial burden which would ensue as a result of scheduling problems caused by litigants who do not appear when their cases are called for trial. If courts are prevented from entering a *non pros* where neither party appears at arbitration, a buildup of case inventory occurs. Also, litigants patiently waiting for their cases to be scheduled for an arbitration are delayed by the listing of cases where neither side

appears. In my view there must a sanction for not appearing. I note that this court can dismiss an appeal when neither party appears at the time of argument. Pa.R.A.P. 2314. We should allow trial courts the ability to impose this same sanction where parties ignore the arbitration process.

A party with legitimate reason for not attending a scheduled arbitration is not without relief from the court's entry of a *non pros*. In such an instance that party may file a petition for relief from the judgment of *non pros*. Pa.R.Civ.P. 3051. In appropriate cases, where the relief is warranted, the *non pros* will be removed and the case can be relisted for arbitration. Thus, the entry of a judgment of *non pros* when neither party appears for a scheduled compulsory arbitration hearing, is fair to the parties and eliminates the unnecessary administrative burden of continuously carrying the case on the docket.

Having concluded that the trial court had the authority to enter the judgment of *non pros*, our scope of review is to determine whether the court abused its discretion by refusing to remove that judgment. The trial court found that Appellant failed to establish a reasonable explanation or legitimate excuse for her failure to appear. This ruling is fully supported in the record based upon the facts alleged by Appellant in her petition and amended petition. Furthermore, the plaintiff not only failed to appear but also has yet to file a Complaint. This inaction and the blatant ignoring of court processes is further support for both the entry of the judgment, and the denial of relief.

The result proposed by the Majority, which allows the case to proceed to arbitration, fails to recognize the fact that a complaint has not been filed, and absent the filing, the specific facts of the case remain undisclosed. While the filing of the writ of summons in August of 1993, and its service, would act to toll the statute of limitations, the tolling can occur only if the writ was timely filed. This we are unable to discern absent the filing of a complaint. The record in this case does contain, as exhibits, reports from another treating dentist which indicate that Appellant was treated by Appellee some time before September 1991. If the injury occurred more

than two years prior to the filing of the writ, a statute of limitations problem exists. The absence of a filed complaint in this matter leaves open this important matter. Further if the statute of limitations has expired, to remand the case to proceed to arbitration, as the Majority suggests, would be a waste of judicial resources. At the very least, we should not offer relief to a party who, for over three years, has not seen fit to draft a complaint, let alone file one. I dissent, and would affirm the court's judgment.