**Jose PANTOJA, Appellant,**

v.

**Lois SPROTT, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1998.

Filed Nov. 25, 1998.

Robert A. Huber, Philadelphia, for appellant.

Lynn M. Martosella, Philadelphia, for appellee.

Before DEL SOLE, SCHILLER and BECK, JJ.

SCHILLER, J.:

Appellant, Jose Pantoja, appeals from the judgment entered December 29, 1997, in the Court of Common Pleas of Philadelphia County. We affirm in part and reverse in part.

FACTS:

Appellant sued Appellee, Lois Sprott, when he suffered injuries arising out of an automobile accident which occurred on July 6, 1993. On May 11, 1995, Appellant filed his complaint as an arbitration matter.[1] He later filed a petition to transfer the case to major jury status, which was granted by the trial court on November 28, 1995. After review of the Appellant's case, however, the trial court, pursuant to Rule 1021(d)[2] and by an Order dated September 11, 1996, remanded it for compulsory arbitration, which was scheduled for December 23, 1996. Appellant thereafter failed to appear at the arbitration, and judgment was entered in favor of Appellee on January 2, 1997.

On January 9, 1997, Appellant filed a timely appeal from the award of arbitrators requesting a trial *de novo*. On April 9, 1997, at the status conference for arbitration appeals, Appellant's appeal was dismissed and remanded for arbitration. The arbitration, scheduled for June 25, 1997, was continued to October 9, 1997. At the second arbitration hearing, Appellant appeared but indicated to the arbitration panel that he did not intend to present any evidence because it was his intention to take an immediate appeal from any award of arbitrators; it was Appellant's belief that the case was worth in excess of $50,000. The arbitrators found in favor of Appellee.

On October 14, 1997, Appellee filed a Motion to Enter Binding Judgment on Award of Arbitrators. On October 16, 1997, Appellant appealed the second award of arbitrators requesting a trial *de novo*. On November 7, 1997, Appellee filed a Motion to Quash Appellant's Appeal and Enter Binding Judgment on Award of Arbitrators.

On December 15, 1997, the trial court granted Appellee's first motion and entered a binding judgment on award of arbitrators in favor of Appellee. On December 18, 1997, the trial court granted Appellee's second motion, quashing Appellant's appeal and reentering the binding judgment on award of arbitrators in favor of Appellee. It is from this judgment that Appellant appeals.[3]

---

1. Although Appellant indicated that the damages exceeded $50,000, he marked his complaint for arbitration.

2. Rule 1021(d) of the Pennsylvania Rules of Civil Procedure provides that "[t]he court on its own motion or motion of any party may by discovery, pre-trial conference, hearing or otherwise, determine the amount actually in controversy and enter an order of reference to arbitration."

3. Although Appellant's Notice of Appeal states that he is appealing the two *orders* dated December 15, 1997, and December 18, 1997, he is, in fact, appealing the *judgment* of the award of arbitrators entered in favor of Appellee which was docketed on December 29, 1997.

DISCUSSION:

▮ Appellant raises one issue [4] on appeal: whether the trial court erred in quashing Appellant's appeal and entering the judgment of the arbitrators in favor of Appellee? When reviewing a trial court's order quashing an appeal from compulsory arbitration and entering judgment in favor of appellee, our standard of review is whether the trial court exceeded its scope of authority; the Court will reverse only where the trial court abused its discretion or committed an error of law. *See Rosenberg v. Monteverde & Hemphill*, 455 Pa.Super. 507, 688 A.2d 1210, 1211 (Pa.Super.1997). Appellant argues that pursuant to the language in the Judicial code and prior Superior Court cases, the trial court erred in quashing his appeal because he is entitled to a trial *de novo* even if he fails to present evidence at the arbitration hearing. *See* 42 Pa.C.S. § 7361; *Rieser v. Glukowsky*, 435 Pa.Super. 530, 646 A.2d 1221, 1225 (Pa.Super.1994); *McGonigle v. Currence*, 387 Pa.Super. 511, 564 A.2d 508 (Pa.Super.1989); *Hall v. Reeb*, 382 Pa.Super. 452, 555 A.2d 926 (Pa.Super.1989).

The Judicial Code mandates compulsory arbitration in civil cases where the amount in controversy does not exceed $50,000. 42 Pa. C.S. § 7361(b).[5] The Code also gives the parties a right to appeal for a trial *de novo* from an award of the board of arbitrators.[6] However, a policy has recently been adopted in Philadelphia County which provides that where a party fails to appear or appears but fails to present evidence at the arbitration hearing, the appeal "shall be quashed and the case shall become subject to a remand to the arbitration panel for a new arbitration hearing." *Tauss v. Goldstein*, 456 Pa.Super. 376, 690 A.2d 742, 746 n. 7 (Pa.Super.1997) (*en banc* c) (citing *Turay v. Irby*, 455 Pa.Super. 118, 687 A.2d 819, 820–21 (Pa.Super.1996), *appeal denied*, 550 Pa. 684, 704 A.2d 639 (1997)).[7] Once a party appears at the arbitration and presents evidence, a party may thereafter appeal for a trial *de novo*.

The compulsory arbitration system was adopted in order to alleviate the enormous case load of our trial courts. However, because of the statutory right to appeal for a trial de novo, litigants traditionally have been able to manipulate the compulsory arbitration system to their advantage by refusing to appear or to put on evidence at the arbitration hearing and simply relying upon their right to appeal an adverse arbitration award and present their case anew at the trial court level. Indeed, by filing a case as a arbitration matter and then appealing the award, litigants and their attorneys were able " 'to obtain a quicker trial listing than they could have received if they had filed under the category of Major Jury Trial.' " *Turay, supra* at 821 (citing Trial Court Opinion); *see Rieser v. Glukowsky, supra* at 1225 n. 5 ("this Rule and the case law allows (sic)

---

**4.** Appellant states the issues in his brief as follows:

> 1. Did the trial court err in entering binding judgment on the award of arbitrators in favor of the defendant where plaintiff timely appealed from the award of arbitrators following an arbitration hearing which plaintiff and plaintiff's counsel attended and where no evidence was presented?
> 2. Did the trial court err in quashing plaintiff's appeal from the award of arbitrators in favor of the defendant where plaintiff timely appealed from the award of arbitrators following an arbitration hearing which plaintiff and plaintiff's counsel attended and where no evidence was presented?

We have paraphrased and consolidated these issues.

**5.** Appellant must fulfill the necessary steps to perfect an appeal prior to a trial court granting a trial de novo. Pa.R.C.P. 1308(a) requires that a party appealing the award shall file an appropriate notice of appeal not more than 30 days after the entry of the award, and pay the arbitrators' compensation to the prothonotary, unless the court allows the party to proceed *in forma pauperis*. A review of the record reveals that Appellant complied with the necessary steps in perfecting an appeal.

**6.** Section 7361(d) specifically states that "[a]ny party to a matter *shall* have the right to appeal for a trial de novo in the court." 42 Pa.C.S. § 7361(d).

**7.** In the en banc decision, this Court reaffirmed the Philadelphia policy and stated, further, that, "[t]his new policy should also be applied to situations where an appellant's failure to present any evidence at the arbitration hearing was caused by appellant's failure to appear at that arbitration hearing." *Tauss v. Goldstein*, 456 Pa.Super. 376, 690 A.2d 742, 746 n. 7 (Pa.Super.1997) (*en banc*).

parties to intentionally skip arbitration and proceed to a trial de novo.").[8] "[S]uch abuses of the arbitration system impede the judiciary's ability to expeditiously dispose of pending litigation which is the overall objective of compulsory arbitration." *Hall v. Reeb, supra.* Furthermore, allowing this manipulation to continue unjustly delays those cases in which litigants legitimately comply with the letter and spirit of compulsory arbitration. The Philadelphia policy was enacted to avoid these abuses by mandating litigants to present their cases at the arbitration level *before* exercising their right to appeal.

Prior to the adoption of the Philadelphia policy, several appellate court decisions addressed a litigant's right to a trial *de novo* from an arbitration hearing. In *Weber v. Lynch,* the Supreme Court of Pennsylvania held that a local rule, which limited the witnesses at a trial de novo to those who testified at the arbitration hearing, violated section 27 of the Arbitration Act of 1836. *Weber v. Lynch,* 473 Pa. 599, 375 A.2d 1278, 1283 (1977).[9] The Court specifically held that "the legislature intended [arbitration] appeals, once perfected, to proceed to trial with no evidentiary limitations upon the parties other than those which would be applicable to an original trial." *Id.* We find that the holding in *Weber* is not inconsistent with the Philadelphia policy. In *Weber,* the Supreme Court addressed the *conduct* at the trial *de novo* and not the right of appeal itself.

Moreover, this Court "consistently held that a party who failed to appear at an arbitration hearing cannot be denied a trial de novo appeal of an arbitration award" even where a party failed to appear at the arbitration hearing. *Rieser v. Glukowsky,* 435 Pa.Super. 530, 646 A.2d 1221, 1225 (Pa.Super.1994); *McGonigle v. Currence,* 387 Pa.Super. 511, 564 A.2d 508 (Pa.Super.1989) (a party's failure to appear at an arbitration hearing does not waive the right to appeal the arbitration award); *Hall v. Reeb,* 382 Pa.Super. 452, 555 A.2d 926 (Pa.Super.1989) (while we do not countenance the intentional failure to appear at an arbitration hearing, we cannot deny a party's right to appeal for a trial de novo from an arbitration award). The Philadelphia policy, however, does not *deny* a party the statutory right to appeal for a trial de novo; it merely *delays* the right. This policy strikes a balance between the need to maintain the statutory right to appeal and the need to encourage compliance with both the letter and the spirit of the compulsory arbitration act.[10]

▇▇ In the case at bar, Appellant appeared at the second arbitration hearing but indicated to the arbitration panel that he did not intend to present any evidence because it was his intention to take an immediate appeal from any award entered by the arbitrators; it was Appellant's belief that the case was worth in excess of $50,000. The arbitrators found in favor of Appellee. Appellant

**8.** Pa.R.C.P. 1303 regarding arbitration was amended on July 30, 1998, effective January 1, 1999, in an attempt to resolve the problem of parties failing to appear at arbitration:

> [an arbitration] matter will be heard by a board of arbitrators at the time, date and place specified but, if one or more of the parties is not present at the hearing, the matter *may* be heard at the same time and date before a judge of the court without the absent party or parties. *There is no right to a trial de novo on appeal from a decision entered by a judge.*

Pa.R.C.P. 1303(a)(2). Under new Pa.R.C.P. 1303(b)(2), the trial court may, in its discretion, also hold a hearing, from which there is no right to appeal for a trial de novo, if one or more parties is not ready for arbitration and all parties present consent to such hearing. However, these rules do not address the issue raised in this case, i.e. the right to appeal for a trial de novo where a party has appeared at arbitration but

intentionally failed or refused to put on a case. This opinion coupled with the rule change will close the door on attempts to avoid arbitration in Philadelphia County.

**9.** The Arbitration Act of 1836 has since been repealed by the Judiciary Act Repealer Act of 1978. Section 27 of the Act is substantively the same as section 7361 of the Judiciary Act.

**10.** We recognize that in *Rosenberg v. Monteverde & Hemphill,* 455 Pa.Super. 507, 688 A.2d 1210, 1211 (Pa.Super.1997), a panel of this Court affirmed the trial court's order quashing Appellant's appeal from an arbitration award without addressing the Philadelphia policy. However, *Rosenberg* is distinguishable from the case at bar. In that case, we affirmed the trial court's order quashing Appellant's appeal because the parties signed an agreement waiving the right to appeal. *Id.* at 1212.

subsequently filed an appeal in the Court of Common Pleas in Philadelphia County. Pursuant to the Philadelphia policy, the trial court should have quashed Appellant's appeal and remanded the case for a new arbitration hearing. Accordingly, we conclude that the trial court correctly quashed Appellant's appeal but committed an error of law when it thereafter entered a binding judgment in favor of Appellee. We therefore remand the case for a new arbitration hearing.[11]

CONCLUSION:

The trial court properly quashed Appellant's appeal but committed an error of law when it thereafter entered a binding judgment of the award of arbitrators in favor of Appellee. We therefore affirm in part and reverse in part the judgment of the Court of Common Pleas of Philadelphia County entered December 29, 1997, and remand the case for a new arbitration hearing. Jurisdiction relinquished.

---

11. Although the right to appeal the decision of the arbitrators is a substantial right, it is not absolute and can be subject to reasonable conditions. *Rosenberg v. Monteverde & Hemphill*, 455 Pa.Super. 507, 688 A.2d 1210, 1211 (Pa.Super.1997). Given the fact that Appellant was not present at the first arbitration hearing and re-fused to put on evidence at the second, we are compelled to note that if counsel for Appellant fails to appear or appears but fails to present a case at the third arbitration hearing, he will be subject to appropriate sanctions which may include a referral to the disciplinary board of the Supreme Court.