**Nygard v. Cafe Zesty Inc.**

*Allen L. Feingold,* for plaintiff.
*Vincent N. Melchiorre,* for defendant.

BRINKLEY, *J.,* March 9, 2001—Allen L. Feingold, on behalf of plaintiff, has filed an appeal of this court's denial of post-trial motions, entered on November 22, 2000.

## I. PROCEDURAL HISTORY

On August 7, 2000, the above-captioned matter came before this court, on appeal from an arbitration award in favor of the plaintiff, Charles Nygard, in the amount of $38,161. The original complaint in this matter was filed in August of 1997 by the previous attorney for Nygard, Lawrence Sheetz, Esquire. The complaint was listed for compulsory arbitration because the amount requested was less than $50,000. An arbitration hearing was first held on April 30, 1998. Neither the defendant, Cafe Zesty Inc., nor the defense attorney, Vincent Melchiorre, Esquire, were in attendance. The board of arbitrators found in favor of Nygard and against Cafe Zesty in the amount of

$50,000. The award was appealed to the Common Pleas Court by Cafe Zesty on May 22, 1998. A status conference and settlement conference were scheduled. After the status conference, the appeal was dismissed and the case was remanded to arbitration on January 4, 1999. Allen L. Feingold, Esquire, filed an entry of appearance on behalf of the plaintiff on January 15, 1999. Lawrence Sheetz, Esquire, filed a withdrawal of appearance on behalf of Nygard on April 7, 1999.

Arbitration hearing was held again on October 15, 1999. The arbitrators found in favor of Nygard in the amount of $38,161. Nygard appealed this award on November 10, 1999. The parties came before this court on August 7, 2000. Nygard moved for the court's recusal as a result of unfavorable rulings by the court in a previous case. The motion was denied. On agreement of the parties, judgment was entered in favor of Nygard and against Cafe Zesty in the amount of $57,500. (N.T. 47.) Plaintiff filed a post-trial motion for relief on August 17, 2000. This court denied the motion without a hearing on November 9, 2000. Nygard filed this appeal to the Pennsylvania Superior Court on November 22, 2000. On December 12, 2000, Vincent Melchiorre, Esquire, filed a withdrawal of appearance and Michael K. Coran, Esquire, filed an entry of appearance on behalf of Cafe Zesty.

## II. FACTUAL HISTORY

When the parties came before this court on August 7, 2000, the underlying facts were not in dispute. Nygard invested $80,000 into the restaurant Cafe Zesty. Nygard

decided to abandon the investment and Cafe Zesty signed a note and stock pledge agreement. (N.T. 10.) In February of 1997, Cafe Zesty stopped making payments and this lawsuit ensued. (N.T. 10.)

Cafe Zesty admitted liability for defaulting on the note. (N.T. 11.) Nygard alleged in his complaint that an additional oral agreement existed. (N.T. 15.) Cafe Zesty denied the existence of any agreement outside that evidenced by the note and pledge agreement. (N.T. 12.) Nygard's alleged additional agreement was that Cafe Zesty would remit $25,000 to Nygard as a down payment before going into installments for the remaining $55,000 owed. Nygard claimed $15,000 was paid but $10,000 was outstanding, before the other payments began. (N.T. 22.) During the hearing, Cafe Zesty's counsel provided a copy of the original complaint and attachments to the court. The court reviewed the complaint and its attached exhibits. (N.T. 21.) After reviewing the relevant facts and the disputed issues with the court, the parties reached a settlement agreement. Cafe Zesty agreed to allow the court to enter judgment in favor of Nygard against the Cafe Zesty, without admission, for $57,500. (N.T. 46.) Nygard expressed his agreement with the judgment, and it was entered by the court. The amount was in excess of what Nygard could have received in arbitration, and was in excess of the amount requested in the original complaint against Cafe Zesty.

Both Nygard's post-trial motion and grounds for appeal address an "unwritten rule" used by the "secretaries, administrators, but rarely judges of the court of common pleas" to delay Nygard's recovery by forcing him to go through two arbitrations and two appeals, amount-

ing to substantial attorney's fees and costs. (See Nygard's post-trial motion at ¶13; Nygard's statement of matters complained of on appeal at ¶2.) Nygard asserts the trial court abused its discretion when striking the first appeal and remanding it back to arbitration. (See Nygard's statement of matters complained of on appeal at ¶1.) The contention continues that this act of the trial court was unconstitutional and denied the plaintiff of due process. (See Nygard's statement of matters complained of on appeal at ¶6-7.) Nygard requested that this court declare the policy used to remand the case an "unwritten rule" that is improper, inappropriate, null and void. (See Nygard's post-trial motion at ¶14.)

## III. ISSUE

*Whether the Trial Court Erred by Remanding the Case to Arbitration*

## IV. DISCUSSION

*The Trial Court Did Not Abuse Its Discretion by Remanding the Matter to Arbitration*

"An abuse of the discretion [of the trial court] is not merely an error in judgment; . . . it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Stock v. Arnot,* 415 Pa. Super. 113, 118, 608 A.2d 552, 554 (1992) (reversing dismissal of arbitration appeal where defendant did not appear at pretrial conference). According to the Phila-

delphia County local rules, if a party fails to appear for an arbitration whose notice contained the requisite language, the matter may go forward in front of a Judge. Phila. Civil Practice §12-9.10 (10th Ed.). The court may take action not available to the arbitrators, with the consent of the parties. *Id.* Pennsylvania Rule of Civil Procedure 1303 states that if one or more of the parties is not ready, the board of arbitrators may proceed and make an award. Pa.R.C.P. 1303. An emphasized note to this rule suggests that defendants who fail to appear and have judgment awarded against them may include in an appeal, a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear. Pa.R.C.P. 1303(b)(2), Note. The notes also go on to explain the complexities caused by the failure of one party to appear. The board of arbitrators is not empowered to grant continuances. Therefore, if a party does not appear and judgment is awarded against him, the only way to continue or re-open the proceedings is on appeal by the non-appearing party. *Id.* at explanatory notes.

When an appeal is taken from an arbitration award entered in one parties' absence, the parties are assigned a date for a status conference, at which a mandatory settlement conference date is assigned. Phila. Civil Practice §13-2.0 (10th Ed.). Dismissal at this stage is usually only warranted when a defendant lacks a satisfactory excuse for failure to appear or be prepared in front of the trial court. *Stock,* 415 Pa. Super. at 120, 608 A.2d at 555. Although the Pennsylvania Rules of Civil Procedure allow a case to be dismissed if a litigant does not appear, that rule applies only to trial proceedings, not arbitration hearings. Pa.R.C.P. 218. The Pennsylvania Rules of Civil

Procedure further provide, however, that the rules be enforced liberally, in a manner that will effectuate "the *just,* speedy and inexpensive determination" of every proceeding to which they apply. *Id.* (citing Pa.R.C.P. 128(a)). (emphasis added) Rule 128 further specifies that the Supreme Court did not intend any results that are "absurd . . . or unreasonable." Pa.R.C.P. 128(a). The court in *Stock* reprimanded the lower court for not affording the defendant a chance to explain his prior absence before imposing the drastic remedy of dismissal. *Stock,* 415 Pa. Super. at 120-21, 608 A.2d at 555. The court found such an act unreasonable and therefore in contravention of the Rules of Civil Procedure. *Id.* The *Stock* court further stressed that the trial court keep in mind the message promulgated by the Supreme Court of Pennsylvania, that lawsuits "are more than numbers . . . [i]ndividual cases are . . . of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies . . . ." *Id.,* 415 Pa. Super. at 122, 608 A.2d at 556 (citing *Budget Laundry Co. v. Munter,* 450 Pa. 13, 21-22, 298 A.2d 55, 58 (1972)).

A policy has been adopted in Philadelphia County which applies to arbitrations where one of the parties has failed to appear or failed to offer evidence and judgment is awarded against the party who does not appear. The absent party must then file an appeal for a trial de novo in the common pleas court. According to the Philadelphia policy, the appeal may be dismissed and the case remanded for further arbitration. *Pantoja v. Sprott,* 721 A.2d 382, 384 (Pa. Super. 1998) (citing *Tauss v. Goldstein,* 456 Pa. Super. 376, 384 n.7, 690 A.2d 742,

746 n.7 (1997); *Turay v. Irby,* 455 Pa. Super. 118, 119-22, 687 A.2d 819, 820-21 (1996), *appeal denied,* 550 Pa. 684, 704 A.2d 639 (1997). Without this policy, litigants may avoid the compulsory arbitration system and obtain a speedier trial date by failing to appear at arbitration. *Pantoja,* 721 A.2d at 384-85. The compulsory arbitration system was created to alleviate the tremendous case load of the trial courts in Pennsylvania. If parties are allowed to circumvent this system by failing to appear, the system's purpose is not being served. To prevent these abuses, the policy at issue has been used to force litigants to fully present cases at the arbitration level before exercising the right to appeal and have a trial de novo. *Id.* The *Pantoja* opinion formally adopted this policy to stop attempts to avoid arbitration in Philadelphia. *Id.* at 385. The Superior Court in *Pantoja* examined its prior decisions as well as those of the Supreme Court of Pennsylvania and found the Philadelphia policy to be in keeping with the rules and precedents. *Id.* (citing discussions of a party's right to an appeal de novo in *Rieser v. Glukowsky,* 435 Pa. Super. 530, 538, 646 A.2d 1221, 1225 (1994); *McGonigle v. Currence,* 387 Pa. Super. 511, 564 A.2d 508 (1989); *Hall v. Reeb,* 382 Pa. Super. 452, 555 A.2d 926 (1989).

"The Philadelphia policy, however, does not *deny* a party the statutory right to appeal for a trial de novo; it merely *delays* the right. This policy strikes a balance between the need to maintain the statutory right to appeal and the need to encourage compliance with both the letter and the spirit of the compulsory arbitration act." *Pantoja,* 721 A.2d at 385. (emphasis in original)

The policy announced explicitly by the Superior Court in *Pantoja* applies to this case. The exact behavior the court was trying to prevent was employed. When the Cafe Zesty did not appear at the first arbitration and then appealed, the trial court did not abuse its discretion in dismissing the case and remanding it to arbitration. Not only was the court's act within its discretion, it was mandated by the Superior Court's approval of the policy to be followed. Going forward with a trial court after the first arbitration would have allowed the defendant an immediate trial de novo without having participated in the compulsory arbitration procedure. The trial court properly remanded the case. The policy is not unwritten. It was adopted in writing by the Superior Court in *Pantoja*. The policy does not violate any of the applicable rules of civil procedure and does not have to be promulgated by the legislature to be effective. The policy does not deprive any litigant of any constitutional rights. As stated by the Superior Court, *supra,* the right to appeal is not being denied it is being delayed. Nygard was not injured by the act of the trial court in remanding the case to arbitration. Nygard's award was actually increased as a result of that action, in light of the amount of the current judgment in Nygard's favor. The first appeal to the trial court from arbitration was properly dismissed and remanded in order to maintain the integrity of both the trial and compulsory arbitration systems.

## V. CONCLUSION

Based upon the foregoing, the trial court properly remanded the case to arbitration after the defendant appealed the first award in favor of the plaintiff. The policy

used by the court in doing so has been approved by the Pennsylvania Superior Court and review has been denied by the Pennsylvania Supreme Court. Therefore, this court properly entered judgment, as agreed upon by the parties, in favor of the plaintiff, Charles Nygard. Thus, plaintiff's motion was properly denied and this appeal should be dismissed.